CITY OF LEXINGTON *v.* WILLIAM AUGER, JR., ET AL.

[Kentucky Law Reporter, Vol. 4—23.]

**Negligence of City in Suffering a Street to be Left in Dangerous Condition.**

> A passenger on the streets of a city has the right to assume that the streets are in a reasonably safe condition; and where the city has caused an excavation to be made in a street and leaves it unguarded for a period of several weeks, notwithstanding there is

ample room to pass around it, the city is guilty of negligence and is liable to pay damages sustained by a foot passenger who is injured by falling into such excavation.

### APPEAL FROM FAYETTE CIRCUIT COURT.

June 10, 1882.

OPINION BY JUDGE PRYOR:

It is not material to the decision of this case that an inquiry should be made as to the sufficiency of the first paragraph of the appellee's petition. The second paragraph contains every essential averment necessary to constitute a cause of action, and the appellant only traverses the question of negligence. That the hole of which the appellant had notice was dug or was in the street is a fact admitted by the pleadings, and the sole question was that of negligence on the part of the city authorities. The issue being formed as to the question of negligence, there is no reason for reversing this case if the testimony authorized the · finding, and this involves the question made by counsel for the city on the motion for a peremptory instruction.

No exceptions were taken to any of the instructions by the appellant and therefore it is not necessary to discuss them. One of the grounds for a new trial, being that there was no evidence to support the verdict, permits the question made by the peremptory instruction.

It appears from the evidence that Broadway street is one of the principal streets of the city, and that in or near the pavement of the sidewalk of this street, not far from the depot of the Cincinnati railway, where foot passengers were in the constant habit of passing, a hole three feet deep and two feet wide was dug about the middle of November by the directions of the city council, and left open and exposed without any guard around it or near it nor anything to notify the passerby of his danger. This hole, together with others, was left open for several weeks, although some of the council, according to the testimony of a member of the police force, had been notified of the danger. It is true there was ample room on the sidewalk for the traveler and he would have to make a diversion from the main path in order to reach the danger; still he had the right to the use of any part of the street for the purpose of travel, and there was no excuse

for the negligence on the part of the city in leaving these holes uncovered for such a length of time.

It is attempted to be shown that the appellee was under the influence of liquor at the time the accident occurred, and even if this were true, and it is not sustained by the testimony, he had the right, although drunk, to presume that no such danger existed in one of the great thoroughfares of the city; and if in a helpless condition the greater the necessity for vigilance on the part of the city fathers in order to prevent such injuries. The hole dug for this post had been filled with snow and there was nothing to apprise the appellee of his danger; nor was there anything from which a man of ordinary prudence had the right to suppose that the danger existed. The quantam of damage was with the jury. The testimony was heard as to the character of the wound, and while the actual expenses incurred, including the loss of time, might not have exceeded one hundred dollars, the physical sufferings of the appellee had to be considered in estimating the amount of the recovery, and with the proof on this subject we are not prepared to say that the verdict was the result of prejudice or passion. The judgment below is therefore affirmed.

H. B. Higgins, for appellant.

Beck & Thornton, for appellee.

(NOTE.—The judgment appealed from and affirmed in this case was for $500.)

[Cited, City of Glasgow v. Gillenwaters, 113 Ky. 140, 23 Ky. L. 2375, 67 S. W. 381; Merchants' Ice &c. Co. v. Bargholt, 129 Ky. 60, 33 Ky. L. 488, 110 S. W. 364.]