TIMOTHY McKONE v. MICHIGAN CENTRAL RAILROAD CO.

*Railway grounds—Injury to person waiting for a passenger.*

The want of averments necessary to set forth the special grievance relied on in a declaration for damages based on personal injury will not be considered for the first time on review if the case was not disposed of on such ground and if court and counsel below had treated the declaration as proper.

A man went to the depot to meet his wife, and having occasion to seek a retired spot, no special resort being provided, he stepped off the walk, in the darkness, upon a portion of the depot grounds, and fell into a hole. *Held* that he was a customer of the railway company and not a trespasser, and that he could maintain an action against the company for the injury he sustained.

Error to Washtenaw. (Joslyn, J.)   Oct. 16.—Oct. 24.

CASE.   Plaintiff brings error. Reversed.

*Sawyer & Knowlton* for appellant.   Leaving a hole unguarded is negligence : *Prideaux v. Mineral Point* 43 Wis. 513 ; *Patterson v. Pittsburg etc. R. R. Co.* 76 Penn. St. 389 ; *Barrett v. Black* 56 Me. 498 ; *Carleton v. Franconia etc. Co.* 99 Mass. 216 ; *Conroy v. Vulcan Iron Works* 62 Mo. 35 ; *Elliott v. Pray* 10 Allen 378 ; *Hargreaves v. Deacon Adm.* 25 Mich. 1 ; *Indermaur v. Dames* L. R. 2 C. B. 311 ; *Beck v. Carter* 68 N. Y. 283 ; a railroad company must keep in safe condition all portions of its station grounds, reasonably near to its platform where passengers would naturally go (*McDonald v. C. & N. W. Rd.* 26 Ia. 125 ; *Sweet v. I. & G. N. R. R. Co.* 2 Am. & Eng. R. R. Cas. 497 ; *Bennett v. L. & N. R.* 1 id. 71), also its approaches, platforms and landing places : *Knight v. P. S. & P. R. Co.* 56 Me. 234 ; also the ordinary space used by passengers in going to and from the train : *Hulbert v. N. Y. Cent. R. R.* 40 N. Y. 146 ; *Brassell v. N. Y. Cent. R. R.* 84 N. Y. 241 ; *Holmes v. N. E. Ry. Co.* L. R. 4 Exch. 259 ; one who enters the cars, depot and grounds of a railroad company to aid friends

to get on or off its trains are there by invitation of the company and are entitled to the same degree of care and protection as passengers : *Tobin v. R. R. Co.* 59 Me. 183 ; *G. R. & Ind. R. R. Co. v. Martin* 41 Mich. 667 ; *Doss v. R. R. Co.* 59 Mo. 27 : 6 Am. & Eng. R. R. Cas. 136 ; *Catherham v. London Railroad Co.* 40 Eng. L. & Eq. 261 ; *Gillis v. Penn. R. R.* 59 Penn. St. 129 ; *Tol. W. & W. Ry. v. McGinnis* 71 Ill. 346 ; Cooley on Torts 605 ; 1 Thomp. Neg. 313 ; 1 Redf. Railways § 10 ; see also *Murphy v. Bost. & Alb. Rd.* 133 Mass. 121 ; *Sweeny v. Old Colony R. R.* 10 Allen 368 ; *Gaynor v. Old Colony Ry.* 100 Mass. 208 ; *Longmore v. Gt. West. Ry.* 19 C. B. (N. S.) 183.

*Henry Russel, Chas. R. Whitman* and *Wm. H. Wells* for appellee. Passengers must conform to the reasonable business arrangements of the railroad company : *Mich. Cent. R. R. v. Coleman* 28 Mich. 440 ; they cannot create rights of way by custom : *Bancroft v. Boston etc. R. R.* 97 Mass. 275 ; *Hounsell v. Smyth* 7 C. B. (N. S.) 731 ; one is under no obligation to keep his premises in safe condition for the visit of trespassers : Cooley on Torts, 605–6 : 660 n. 2 ; 1 Thomp. on Neg. 298–300 : 303–4 ; *Morgan v. Hallowell,* 57 Me. 375 ; *Turner v. Thomas* 71 Mo. 596 ; *Ill. Cent. R. R. Co. v. Carraher* 47 Ill. 333 ; *McGill v. Compton* 66 Ill. 327 ; an adult who was crossing another's land without right, except that persons, with the owner's knowledge, were in the habit of constantly crossing it, fell into a pool of water, over which a crust had so formed that it resembled dry land, and was drowned ; an action was not maintainable : *Union Stock Yards etc. Co. v. Rourke* (1881) 10 Ill. App. 474 ; the proper test of legality is, whether the excavation be substantially adjoining the way so that one walking upon the highway might accidently fall into it : Cooley on Torts 660–1 ; 1 Thomp. on Neg. 361–2 ; *Binks v. South Yorkshire Railway Co.* 3 B. & S. 244 ; *Hardcastle v. South Yorkshire Railway Co.* 4 H. & N. 74 ; *Gramlich v. Wurst* 86 Penn. St. 74 ; *Howland v. Vincent* 10 Met. 373 ; *Vale v. Bliss* 50 Barb. 358 ; in *Forsyth v. Boston &*

*Albany R. R. Co.* 103 Mass. 510, it was held that one who voluntarily stepped off the side of the platform with the intention of going obliquely to the highway, and stepped directly into a cattle-guard and was injured, could not recover: see *Gillis v. Pa. R. R. Co.* 59 Penn. St. 129; *Duff v. Allegheny Valley R. R. Co.* 91 Penn. St. 458; *Gautret v. Egerton* L. R. 2 C. P. 371; *Lary v. Cleveland &c. R. R. Co.* 78 Ind. 323; *Severy v. Nickerson* 120 Mass. 306; *Wright v. Boston & Maine R. R.* 129 Mass. 440; *Nicholson v. Erie Ry. Co.* 41 N. Y. 525; *McAlpin v. Powell* 70 N. Y. 126; *Pierce v. Whitcomb* 48 Vt. 127; *Bennett v. R. R. Co.* 102 U. S. 577; *Sanders v. Reister* 1 Dak. Terr. 151.

GRAVES, C. J.   On the evening of September 16th, 1879, the plaintiff's wife, accompanied by a hired girl, was returning on defendant's train from the East to her home in Chelsea, and the plaintiff went to defendant's depot to meet and escort her, as he had previously informed her he would. It was about 11 o'clock. The train was coming in as he reached the station. Being urged by a call of nature, and there being no urinal, he passed some little distance along the sidewalk, away from the place for the passengers to alight, and in order to seclude himself from observation and avoid indecent exposure, he stepped from four to eight feet on defendant's grounds, and fell into a deep hole and received injury. He subsequently sued the company in this action for the damages suffered; but the circuit judge, being of opinion that his deviation from the sidewalk placed him where the risk was all his own, and where the existence of unsafe conditions was not a fault of the company of which he could take advantage, proceeded to order a verdict for the defendant.

The ruling appears to be defended on two general grounds: *First*, that the declaration is at fault for the want of certain averments necessary to formulate a charge of the kind of grievance which the plaintiff endeavored to establish; *second*, that when the plaintiff left the sidewalk he

became a trespasser on defendant's ground, and received his injury through his own misdoing.

As to the first proposition, the accuracy of the declaration in point of strict law will not be considered. The case was not disposed of on such ground. The declaration was treated by court and counsel as a proper one for the controversy. It was fully acquiesced in, as well framed and applicable to the case, and it is too late now to raise the point in order to defeat the writ of error.

As to the second ground, there was no proof of special regulations by the company at this station in regard to the reception and exit of passengers, or the rights and privileges of their friends and attendants. The evidence tended to show that the passenger-house and privy accommodations, together with the water-tank, had been destroyed by fire, and that the existing accommodations were scant and temporary. No privy accommodations remained. That the place where the buildings had stood, and the surrounding ground, including the spot where the plaintiff received his injury, had been leveled off and graveled, and left open for use. That the company virtually offered it for the use of its patrons, and that the offer was acted on, and the ground habitually used for all the purposes which are usual at such places. That the hole or sink, in which the plaintiff fell, was so situated that those frequenting the place would be in danger of getting in it. That it was a defect not unlikely to cause injury, and was left entirely uncovered and exposed, without an obstacle to arrest approach to it or turn persons from it, and without any light to betray its existence or position.

Now, as this point was a portion of defendant's station ground, and included in the space allotted to the public, and devoted to the convenience of all persons having lawful intercourse with the station, the company was bound to keep it in a reasonably safe condition for its customers; and whether, in permitting the pitfall in question to exist, this duty of the company was not disregarded, was a question which the court was not justified in ruling against the

plaintiff. The facts were very strong that the company was at fault. If we believe the evidence, which is undisputed, the plaintiff was not a trespasser. His occasion was not only lawful, but it was obviously within the license which the company had extended to the public. It is admitted in argument that had his presence at the station been in the character of a hackman engaged in running for passengers, his stepping aside would not have been wrongful, and the duty of the company would have extended to him. We think it would be straining common sense to make such a distinction as is implied here. He was a customer within the essence of the rule just mentioned. The company was bringing his wife to him, and he went to receive and protect her. Had his errand been to receive a bale of goods, or a horse, no one would doubt that he had all the rights of a customer, and it seems little less than preposterous to contend that the right was not simply different or inferior, but absolutely wanting, because it was his wife that he went for.

We think the evidence had a tendency to establish a liability, and that the case should have been submitted to the jury.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.