The Brush Electric Lighting Company *v.* Kelley.

Filed Nov. 26, 1890.

———————◆———————

No. 14,566.

THE BRUSH ELECTRIC LIGHTING COMPANY *v.* KELLEY.

NEGLIGENCE.—*Obstruction in Sidewalk.—Injury to Pedestrian.—Contributory Negligence.— What does not Constitute.*—Where a pedestrian carefully passing along a sidewalk in the daytime falls over an electric light wire negligently permitted by the company to lie thereon, he is not, as a matter of law, guilty of contributory negligence in failing to observe the obstruction, and the company is liable.

From the Carroll Circuit Court.

*A. L. Kumler, R. P. Davidson* and *J. C. Davidson,* for appellant.

BERKSHIRE, J.—The complaint counts upon negligence and personal injuries, sustained by the appellee, resulting therefrom.

We are not favored with a brief on the part of the appellee, and must pass upon the questions involved unaided by any argument in her behalf.

The appellant's counsel argue but two questions: 1. Does the complaint state a good cause of action? 2. Was the appellee entitled to judgment upon the special verdict?

We are of the opinion that both questions must be answered in the affirmative.

There is no contention that the complaint does not sufficiently charge negligence upon the appellant, and it is conceded that it contains the usual negative allegations that there was no contributory negligence on the part of the appellee.

It is contended, however, that notwithstanding such negative allegations, contributory negligence is disclosed by the complaint.

The charge in the complaint, shortly stated, is that while the appellant, by its servants, was erecting and placing a line of wire to be used in supplying electricity for light along Main street, in the city of Lafayette, it negligently and carelessly placed, and allowed to remain, on and along the sidewalk of said street, a wire, and during the time said wire was thus negligently permitted to lie upon said sidewalk the appellee walked carefully along said sidewalk where said wire was lying, and, without her fault, her foot caught and became entangled with said wire, whereby she was violently thrown to the ground and permanently injured.

The complaint alleges that the occurrence happened in the daytime, and it is argued that it was the duty of the appellee to observe the wire, or to specifically allege some sufficient reason why she did not.

We do not think that it necessarily follows that the appellee was *prima facie* guilty of negligence in not observing the obstruction.

She had the right to presume that the sidewalk was free

from obstruction, until her attention was in some way called thereto, and to act upon such presumption.

We quote the following from Elliott Roads and Streets, at page 471 : " The question of contributory negligence is, generally, for the jury to determine from the circumstances of the case. The following cases illustrate the principles above stated in regard to contributory negligence, and show their application to particular facts. Where the plaintiff, assuming that a sidewalk was safe, and knowing nothing to the contrary, permitted her attention to be momentarily attracted to some children playing in the street, and fell into a hole in the sidewalk from which the cover had been removed, she was held not guilty of contributory negligence." The author cites the following cases in support of the text. *Barry* v. *Terkildsen*, 72 Cal. 254 (1 Am. St. Rep. 55); *Hussey* v. *Ryan*, 64 Md. 426 ; *Jennings* v. *Van Schaick*, 108 N. Y. 530 (2 Am. St. Rep. 459); *Kelly* v. *Blackstone*, 147 Mass. 448. We cite, also, our own case of *Noblesville Gas, etc., Co.* v. *Loehr*, 124 Ind. 79.

A small wire lying along a sidewalk might very reasonably be overlooked by a passer-by who has no notice thereof, and the fact that it is overlooked does not necessarily indicate negligence. We can not hold, as a question of law, that a person may not pass along a sidewalk, cautiously, and fail to observe a small wire lying along or across it, and then we can imagine many circumstances whereby the attention of the pedestrian might be attracted from the sidewalk, which would be sufficient to divert the attention of any reasonably prudent person.

The case of *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75, which counsel cite, is not in point. That was an action by an employe against the railway company to recover damages attributable to the negligence of the company in the employment of an unskilful and careless fellow-servant.

In this class of cases the courts require, as a rule of pleading, that in addition to the ordinary negative allegation as to

contributory negligence, it must appear by a specific allegation that the plaintiff had no knowledge of the careless habits, or want of skill, of his fellow-servant, for the reason that the presumption will be, in the absence of such allegation, that the plaintiff had knowledge of such want of care, or skill, and with such knowledge assumed the risk by continuing to serve his employer, and having taken upon himself the risk he can not recover, whether he was or was not guilty of negligence contributing to the injury.

The case of *Riest* v. *City of Goshen*, 42 Ind. 339, we think is an authority against the appellant. In this case the court says that " The averment must be either expressly made in the complaint, that the injury occurred without fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case."

The other cases cited do not militate against our conclusion.

We have carefully examined the special verdict, and, although it is unnecessarily lengthy, and contains some evidentiary facts, as well as numerous conclusions from the facts stated, we are impressed with the conclusion that the issuable facts found by the jury fully support the judgment rendered by the court.

The facts found establish the injuries complained of, and disclose negligence on the appellant's part and its absence on the part of the appellee.

The verdict, we think, supports the theory of the complaint.

We do not feel called upon to give a statement of the facts found by the jury, or to discuss their bearing and force, in this opinion, as it would be labor expended to no useful purpose.

We find no error in the record.

Judgment affirmed, with costs.

Filed Nov. 26, 1890.