[Civ. No. 416.  Third Appellate District.—January 2, 1908.]

## JOHN T. GRANT, Respondent, v. SUNSET TELEPHONE AND TELEGRAPH COMPANY, Appellant.

NEGLIGENCE—MAINTENANCE OF GUY WIRE ON ROADWAY—REVIEW UPON DEFENDANT'S APPEAL—INFERENCES FAVORABLE TO PLAINTIFF.— Upon appeal by the defendant, in determining the question of its negligence in maintaining a guy wire on a roadway, to plaintiff's injury, this court must consider the case on the inferences most favorable to the plaintiff's contention for which there is any substantial support in the evidence.

ID.—WIRE ON ROADWAY LEADING TO DEPOT—IMPLIED INVITATION OF PLAINTIFF.—Where there is evidence showing that the guy wire was placed in a clearly defined and regularly traveled roadway leading to a railroad depot, and that plaintiff was using the same to go to the depot with his wagon to meet his wife in the evening when injured thereby, the reasonable inference is that he was there, not as a licensee, but on the implied invitation of the railroad company.

ID.—EVIDENCE OF DEFENDANT'S NEGLIGENCE.—In the light of the evidence most favorable to the plaintiff, it must be held that, under the circumstances, the defendant was negligent in placing and maintaining the guy wire within the line of travel without anything to attract the attention or observation of one approaching thereon in the dark, and when such an accident as in the case at bar was likely to occur.

ID.—DUTY OF DEFENDANT.—It is no answer to the liability of the defendant for his negligence that he owed no duty to the plaintiff. He is bound so to use his property as not to injure another, and must practice ordinary care in the use, and not be reckless or indifferent to human life or safety.

ID.—LONG MAINTENANCE OF WIRE WITHOUT INJURY IMMATERIAL.—The long maintenance of the wire without previous injury is of no importance, so far as plaintiff is concerned, where he had no knowledge of its existence, and where giving full credence, as we must, to his testimony, the case is the same as though the accident had occurred the day after the wire was located.

ID.—CONTRIBUTORY NEGLIGENCE—SUPPORT OF FINDING.—*Held*, that the court was justified in finding that there was no contributory negligence of the plaintiff; that he acted as any ordinarily prudent man would be expected to, under the circumstances, seeing what he saw, and knowing what he knew, and that it would be unreasonable to expect him to make diligent investigation to ascertain whether there was any invisible obstruction which he had no reason to believe existed.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.    J. F. Ellison, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, and Arthur C. Huston, for Appellant.

Defendant owed plaintiff no duty, as he was a mere licensee. (*Sweeney* v. *Old Colony & Newport R. R. Co.*, 10 Allen, 372, 87 Am. Dec. 644; *Schmidt* v. *Bauer*, 80 Cal. 568, 22 Pac. 256; *Kennedy* v. *Chase*, 119 Cal. 641, 63 Am. St. Rep. 153, 52 Pac. 33; *Grundel* v. *Union Iron Works*, 141 Cal. 564, 75 Pac. 184; *Means* v. *Southern Cal. Ry. Co.*, 144 Cal. 473, 77 Pac. 1001; *Parker* v. *Portland Publishing Co.*, 69 Me. 173, 31 Am. Rep. 262; *Ryan* v. *Towar*, 128 Mich. 463, 92 Am. St. Rep. 483, 87 N. W. 644; *Morgan* v. *Penn. R. R. Co.*, 19 Blatchf. 239, 7 Fed. 78; *Evansville & T. H. R. R. Co.* v. *Griffin*, 100 Ind. 221, 50 Am. Rep. 783; *Gordon* v. *Cummings*, 152 Mass. 513, 23 Am. St. Rep. 846, 25 N. E. 978, 9 L. R. A. 640; *Hector* v. *Boston Electric Light Co.*, 161 Mass. 558, 37 N. E. 773, 25 L. R. A. 254; *McAlpin* v. *Powell*, 70 N. Y. 126, 26 Am. Rep. 555; *Woolwine's Admr.* v. *Chesapeake & O. R. R. Co.*, 36 W. Va. 329, 32 Am. St. Rep. 859, 15 S. E. 81, 16 L. R. A. 273; *Weldon* v. *Philadelphia W. & B. R. R. Co.*, 2 Penne. (Del.) 1, 43 Atl. 156, 160; 1 Thompson on Negligence, sec. 1050.) The plaintiff was guilty of contributory negligence and cannot recover. (*Perry* v. *City of Cedar Falls*, 87 Iowa, 315, 54 N. W. 225; *Smith* v. *City of Jackson*, 106 Mich. 136, 63 N. W. 982; *McGraw* v. *Friend etc. Lumber Co.*, 120 Cal. 574, 52 Pac. 1004; 6 Thompson on Negligence, sec. 7851; *Church* v. *Village of Howard City*, 111 Mich. 298, 66 Am. St. Rep. 396, 69 N. W. 651; *Arey* v. *City of Newton*, 148 Mass. 598, 12 Am. St. Rep. 604, 20 N. E. 327; *Skeggerud* v. *Minneapolis Ry. Co.*, 38 Minn. 56, 35 N. W. 572.)

E. A. Bridgford, and Hudson Grant, for Respondent.

Appellant's cases are not in point upon the facts appearing in the record. The defendant owed the duty not to place dangerous obstructions in the roadway. (*Carskaddon* v. *Mills*, 5 Ind. App. 22, 31 N. E. 559; *Morrow* v. *Sweeney*, 10 Ind.

App. 626, 31 N. E. 187; *Izlar* v. *Manchester*, 57 S. C. 332, 35
S. E. 583; *Van Praag* v. *Gale*, 107 Cal. 438, 40 Pac. 555;
*Haack* v. *Brooklyn etc. Co.*, 87 N. Y. Supp. 816, 93 App. Div.
491; *Phillips* v. *Library Co.*, 55 N. J. L. 307, 27 Atl. 479; *Campbell* v. *Boyd*, 88 N. C. 129, 43 Am. Rep. 742; *Crogan* v. *Schiele*,
53 Conn. 186, 55 Am. Rep. 91, 1 Atl. 899, 5 Atl. 673.)
Plaintiff was using the established roadway to the depot by
implied invitation. (*Gulf, C. & S. F. Ry. Co.* v. *Williams*,
21 Tex. Civ. App. 469, 51 S. W. 653; *Pomponio* v. *New York,
N. H. & Hartford R. R. Co.*, 66 Conn. 528, 50 Am. St. Rep.
124, 34 Atl. 491, 32 L. R. A. 530-534; *Corby* v. *Hill*, 4 Com.
B., N. S., 556.)

BURNETT, J.—The action was instituted to recover damages for personal injuries. The plaintiff prevailed and from
the judgment and order denying the motion for a new trial
defendant appealed.

It appears from the complaint that defendant constructed
and maintained in the city of Woodland a certain guy wire
or cable, at or near the point where Lincoln avenue intersects
the western boundary of the depot grounds of the Southern
Pacific Company; that along the western boundary of said
depot grounds is a spur or switch track, and Lincoln avenue
crosses this at right angles extending easterly across said
grounds; that said grounds are open and uninclosed; that
prior to the accident defendant erected a telephone pole at
or near the south side of said Lincoln avenue at the point of
its intersection with the western boundary of the said depot
grounds, upon which pole it strung its wires, and for the purpose of "staying" the aforesaid pole erected a second pole
about eighty-three feet distant in a northeasterly direction,
both of said poles being within the exterior limits of said
Lincoln avenue; that the said guy wire, being about three-eighths of an inch in diameter, extended from a point near the
top of the first-mentioned pole to the top of the second and
thence in a general northeasterly direction to the ground at a
point about twenty-five feet from the foot of the said second
pole and on the grounds of the said Southern Pacific Company where said guy wire was attached to some object unknown
to plaintiff entirely under the surface of the earth. At the
time of the erection of said poles and guy wire, and for more
than five years prior thereto and at the time of the accident,

there was "an open, well-traveled roadway leading in a north-easterly direction from the said intersection of Lincoln avenue with the spur or switch track aforesaid, across the said depot grounds to the depot buildings of said Southern Pacific Company; that said guy wire was not attached to any post or other visible obstruction at the point where it entered the ground, which point was within the limits of said traveled roadway.'' As the plaintiff, on his way to the depot to meet his wife coming in on the train, was driving a horse attached to a two-wheeled cart along said roadway, and not knowing of the erection or location of said guy wire, and being unable to see the same, he collided therewith and was thereby thrown with great force to the ground and seriously injured.

It is assumed by both parties throughout the argument that the measure of defendant's duty and liability in the premises is the same as would be that of the Southern Pacific Company if the latter had directly erected and maintained said poles and guy wires instead of authorizing defendant to do so, and we shall consider the case upon this assumption. But it is insisted by appellant that defendant cannot be held responsible for the injury for the following reasons: "1. There was no contractual relation between plaintiff and defendant; 2. The defendant owed the plaintiff no duty whatever; 3. The defendant did not violate any duty it owed plaintiff; and 4. The plaintiff was guilty of contributory negligence.''

It is obvious, however, that the first proposition is inconsequential, as there is no contention of any contractual relation between the parties, and the second ground is involved in the third. The position of appellant, therefore, upon which main reliance is placed, may be considered as affirmed in the said third and fourth propositions.

In the consideration of the question whether defendant violated any duty it owed to plaintiff, in other words, whether it was properly chargeable with negligence as contemplated by the law and the decisions of the courts, appellant seems to have ignored the rule of practice, well established, that we must consider the case in the light of the inferences most favorable to plaintiff's contention for which there is any substantial support in the evidence.

Appellant makes a very common mistake in assuming that its theory of the facts must be accepted as the basis for the

judgment of this court, notwithstanding there is a decided conflict in the evidence as to some important questions, and it is clear that our conclusion must be vitally affected by the consideration whether we accept as true the testimony supporting plaintiff's theory or that in favor of the theory advanced by defendant.

For the purpose of this decision the following must be accepted as facts established by the evidence: The whole space between the spur track and a certain tree mentioned in the evidence is covered by a clearly defined and regularly traveled roadway; that within this space is located the said guy wire with which plaintiff collided; that this roadway has been used openly and continuously by a large number of people—in fact, by everyone who had occasion to use it, for fifteen or twenty years. It was the common route of travel for persons going from the southern part of the city of Woodland to the depot. Plaintiff had used it for twenty years and it was his habit to go that way to the depot. On the evening of the accident after dark he was driving as usual, intending to go to the depot to meet his wife, when the wheel of the cart was caught by the guy wire and plaintiff was thrown out. Plaintiff was watching where he was going; he was driving with his usual care and he was a very careful driver; he had never seen the guy wire and he did not know it was there; he supposed the road was in the same condition as that in which it had been for many years, except that he saw the pole to which the wire was attached, but he could not see the wire itself, and he was driving on the particular part of the road near the tree to which he had been accustomed for many years on account of it being higher ground than that farther west.

Under these circumstances, must it be said as a matter of law that defendant violated no duty it owed to plaintiff, or, in other words, was not, in legal contemplation, guilty of negligence?

Appellant makes a distinction—which is recognized by the authorities—between the case of one invited over a way where an accident occurs and that of a mere licensee. In the former case a higher degree of care is required and a stricter rule of responsibility is applied in favor of the one injured than in the latter instance.

Again, in many of the decisions great importance is attached to the question whether the party injured is or is not

in pursuit of some business with the party of whose negligence complaint is made.

In the case at bar plaintiff is entitled to whatever favor may be shown to a party so engaged on account of his business at the depot and defendant's relation to the said Southern Pacific Company.

Considering the manner in which said roadway had been used for so many years without objection and without ever having been obstructed until the said guy wire was placed as aforesaid, the more reasonable view is that plaintiff was there not as a mere licensee, but in consonance with an implied invitation of the Southern Pacific Railroad Company. But whether one position or the other be correct in the light of the evidence most favorable to plaintiff, it cannot be held, we think, that there is no support for the conclusion that under the circumstances defendant was negligent in placing and maintaining the guy wire within the line of travel without anything to attract the attention or observation of one approaching in the dark and when such an accident as in the case at bar was likely to occur.

It is no answer to say that defendant owed no duty to plaintiff.

The general principle is applicable that one must use his property so as not to injure another. He must at least practice ordinary care in the use of his property and not be reckless or indifferent to human life or safety.

It is clear that the case would be entirely different if the guy wire had been placed within an inclosure or outside of the line of travel. The ordinarily prudent and cautious person of average intelligence, seemingly, would anticipate such an accident, and moved by just solicitude for the welfare of others which the law enjoins would have located the wire differently or, as was afterward done, have placed a piece of timber near the wire so as to attract attention and lead to the discovery of the obstruction.

The case would be no different in principle if defendant had stretched a barbed wire or dug a ditch across a part of the traveled way, although the danger of accident might have been somewhat increased.

It is true that the wire had been maintained for some eighteen months before plaintiff was injured, and consequently during that time there had been no travel over this particular

part of the road, but this is of no importance, as far as plaintiff is concerned, if he had no knowledge of the change nor of any circumstance to put him upon inquiry. Giving full credit, as we must, to the testimony of plaintiff, the case is just the same as though the accident had occurred the day after the wire had been located.

Again, we think it is equally clear that the court was justified in finding that there was no contributory negligence on the part of plaintiff. He acted as any ordinarily prudent man would be expected to act under the circumstances, seeing what he saw and knowing what he knew. He observed the pole and avoided it. The presence of the pole, however, would carry no intimation that a guy wire was attached to it. The general knowledge and observation of the average man would not lead him, from the fact of proximity to a telephone pole, to suspect the imminence of danger of contact with a wire anchored to the ground. It would certainly be unreasonable to expect him to make diligent investigation to ascertain whether there was any invisible obstruction which he had no reason to believe existed.

Among a large number of cases we cite a few to illustrate the view taken of similar questions by different courts of last resort.

In *Sweeny* v. *Old Colony etc. R. R. Co.*, 10 Allen (Mass.), 368, [87 Am. Dec. 644], the supreme court of Massachusetts said: "The general rule or principle applicable to this class of cases is, that an owner or occupant is bound to keep his premises in a safe and suitable condition for those who come upon and pass over them, using due care, if he has held out any invitation, allurement or inducement, either express or implied, by which they have been led to enter thereon. . . . The gist of the liability consists in the fact that the person injured did not act merely for his own convenience and pleasure, but from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used."

7 Cal. App.—18

In *Carskaddon* v. *Mills*, 5 Ind. App. 22, [31 N. E. 559], it is held by the appellate court of Indiana, as stated in the syllabus: ''Where, after allowing the public to drive across his lot from one street to another for several years, the owner stretched a barbed wire across the track without other notice that the license to use the road was terminated, he is liable for an injury from the wire to a horse driven over such road after dark.''

In *Morrow* v. *Sweeny*, 10 Ind. App. 626, [38 N. E. 189], the same court said: ''When the owner induces another to come upon his lands, he thereby assumes the obligation of making them reasonably safe, and of protecting such person so induced to enter thereon from unseen dangers; but the law will not infer that the injured party was induced to enter, except the facts are sufficient to show an express or implied invitation. Mere acquiescence or failure to object is not sufficient to sustain such an inference. It is alleged in the complaint, however, that from the time the appellant commenced to improve his property and erected the fence complained of, a well-defined road which was almost continuously traveled by the public extended across his lot. Whether he knew from actual observation that the public were in the habit of so driving is immaterial, for if there was a well-defined way across the lot indicating that the public were in the habit of driving across there he was bound to take notice of it. True, if the public had not used the way for a sufficient length of time or under such circumstances as to create a highway by user, appellant had the right to forbid the further use and to fence his property, but he must not do so in a manner calculated to injure those who attempt to continue to drive across without any knowledge of the revocation of the existing privilege or that a barrier had been erected. Had the fence erected by appellant been of such a character that persons driving across the lot must have seen it, he could not be made to answer for any injury resulting therefrom; but to stretch across a way used by the public a barbed wire, which in itself cannot be seen after dark, without anything to warn the traveler of its existence, is equivalent almost to a desire to do injury.''

In *Izlar* v. *Manchester & A. R. Co.*, 57 S. C. 332, [35 S. E. 583], it is held by the supreme court of South Carolina that ''Where plaintiff started in the night to defendant's passenger

station to meet his wife and daughter, and was injured by falling over an embankment left near the way leading to the passenger station by the defendant when grading the grounds, the company was liable for the injury, since it was its duty to keep the grounds leading to the station in a reasonably safe condition."

To the same effect is the decision of the supreme court of Michigan in the case of *McKone* v. *Michigan Cent. R. Co.*, 51 Mich. 601, [47 Am. Rep. 596, 17 N. W. 74].

In *Phillips* v. *Library Co. of Burlington*, 55 N. J. L. 307, [27 Atl. 478], it is declared by the court of errors and appeals of New Jersey that "A person entering premises of right or by invitation, expressed or implied, and using a path which for many years had been used with the acquiescence of the owner is not precluded from recovering damages for an injury caused by a danger placed by the owner across the path, solely on the ground that the owner had provided another way that was safe and might have been used by the plaintiff. In such a case it is a question of fact whether the path taken by the plaintiff has by its accustomed use, with the knowledge of the defendant, become a way which by its use and appearance indicated a way that persons so using the premises were invited to use."

In *Beck* v. *Carter*, 68 N. Y. 284, [23 Am. Rep. 175], it is said that "Where the owner of land expressly or by implication invites others to come upon his land, if he permits anything in the nature of a snare to exist thereon, which results in injury to one availing himself of the invitation, and who at the time is exercising ordinary care, such owner is answerable for the consequences."

In *Lundeen* v. *Livingston Electric Light Co.*, 17 Mont. 32, [41 Pac. 995], it is held by the supreme court of Montana that "a guy wire running from a telegraph pole across a street to a post four or five feet above the ground and two feet from the sidewalk is an obstruction to the free and ordinary use of said street," and defendant was held liable for the injuries caused to plaintiff by being thrown to the ground in consequence of her horse running away and coming into contact with the wire.

In *Graves* v. *Thomas*, 95 Ind. 361, [48 Am. Rep. 727], it is held that "when the public have by permission traveled on foot for years over an open lot, it is the duty of the owner,

upon making an excavation in the pathway, with a view to erecting a building, to put some guard or warning for public protection, and a failure to do so gives a right of action to one who, without fault, is injured thereby."

In *Brown* v. *Stevens*, 136 Mich. 311, [99 N. W. 13], it is held by the supreme court of Michigan that "a customer told that he would find what he wanted in the back part of the store, and who in walking back fell into an open trap door in the middle of the floor space provided for the use of customers and around which persons were standing, not having been warned, was not guilty of contributory negligence, though he might have seen the opening had he looked, he having a right to rely upon the safety of the floor."

In *Texas & P. Tel. Co.* v. *Prince*, 36 Tex. Civ. App. 462, [82 S. W. 327], the Texas court of civil appeals says: "There is nothing whatever to indicate negligence on appellee's part, although he testified that he might have seen the wire had he been looking. But there is nothing in the evidence indicating that appellee should reasonably have contemplated an obstruction of the character met with. It certainly cannot be affirmed that a party is guilty of negligence because of a mere failure to closely scrutinize the sidewalks of a city."

In *Brush Electric Lighting Co.* v. *Kelley*, 126 Ind. 220, [25 N. E. 812], the supreme court of Indiana held that "the failure of a traveler to notice in the daytime an electric light wire on the sidewalk, over which he stumbled and fell, is not contributory negligence as a matter of law."

In *Brusso* v. *City of Buffalo*, 90 N. Y. 679, it is declared that "a person desiring to cross on foot a city street, either in the night or daytime, is not confined to a crossing, but has a right to assume that all parts of the street are reasonably safe, and he may cross at any point that suits his convenience without being liable to the imputation of negligence."

Appellant cites a large number of cases which, it is claimed, are opposed to the views herein expressed, but an examination of them shows that they are easily distinguishable in their facts from the case at bar. We refer specifically only to those decided by our own supreme court.

In *Peters* v. *Bowman*, 115 Cal. 345, [56 Am. St. Rep. 106, 47 Pac. 113, 598], it is held, as stated in the syllabus, that "The owner of a vacant lot upon which a pond of water has

accumulated by reason of an embankment erected by the city in the grading of a street, preventing the flow of surface water from the lot, owes no duty to trespassers to keep the water from accumulating upon the premises, nor to keep the lot guarded against trespasses by children, and is not liable for the death of a child from drowning in the pond while trespassing in the lot."

This is in harmony with the generally recognized doctrine that with certain exceptions, to which the Peters case does not belong, the owner of property owes no duty to trespassers except to abstain from wanton injury.

There was no evidence of negligence of defendant in the case of *George* v. *Los Angeles Ry. Co.,* 126 Cal. 359, [77 Am. St. Rep. 184, 58 Pac. 819], and the plaintiff was clearly guilty of contributory negligence. It could not be said that defendant was culpable in leaving on the track certain "trailing cars" with the brakes properly set, and the facts furnish no analogy to the case before us.

*Loftus* v. *De Hail,* 133 Cal. 214, [65 Pac. 379], also involved the case of a trespasser, and besides, it was properly held that the act of a third party was the proximate cause of the injury.

In *Douglas* v. *Southern Pacific Co.,* 151 Cal. 242, [90 Pac. 538], the employee took the dangerous way, knowing that it was dangerous, when a safe way had been provided. Hence it was justly held that he was guilty of contributory negligence as a matter of law.

He voluntarily assumed the risk, whereas a vital point in the case at bar is that plaintiff believed and had reason to believe that the way was safe, and it was rendered unsafe by reason of an invisible obstruction placed there by defendant.

It is said in the Douglas case, *supra:* "To undertake to pass through the planing-mill when it was in full movement—its planers, saws and other machinery in operation; trucks, push carts, tables, benches, lumber and materials occupying practically the entire mill, with no distinct passageway through it, and such ways as there were so blocked that one would have to pick a devious or uncertain route over or around permanent and temporary obstructions—was so obviously attended with risk and danger as not to be open to discussion on that point."

The case would be in point here if plaintiff had known that

the way he was traveling was dangerous on account of the guy wire.

Some other points are made by appellant which do not demand, as we view them, extended notice.

The demurrer to the amended complaint was properly overruled; no prejudicial error was committed by the court in its rulings upon questions of evidence; the findings cover all the material issues; and whether an action might have been maintained or not against the Southern Pacific Company or against it and the defendant jointly we are satisfied that there is sufficient evidence to uphold the judgment against appellant. (*Barrett* v. *Third Ave. Ry. Co.*, 45 N. Y. 631.)

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.