CASE 6.—ACTION BY A. R. BARGHOLT AGAINST THE MER-
CHANTS ICE & COLD STORAGE COMPANY AND
ANOTHER FOR AN INJURY BY FALLING OVER A
BLOCK OF ICE PLACED BY DEFENDANTS ON THE
SIDE WALK.—May 14.

# Merchants Ice & Cold Storage Co. Bargholt

Appeal from Jefferson Circuit Court (Common
Pleas Branch, First Division).

EMMET FIELD, Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1.  Municipal Corporations—Streets—Obstructions — Negligence—
    Question for Jury.—In an action over a cake of ice, whether
    its presence on the sidewalk at the point where plaintiff was
    injured was due to the negligence of defendant ice company,
    held for the jury.
2.  Damages—Excessiveness—Personal Injuries.—Plaintiff fell over
    a cake of ice negligently left on the sidewalk and was seriously
    injured. Two ribs were broken, and it was necessary for
    him to remain with his body in straps for five weeks, during
    which he suffered intensely and he expectorated blood and
    continued to suffer pain in his side for more than a year, and
    though he had been previously a strong, active, robust man,
    since the injury he had lost strength and flesh, and his health
    was seriously impaired. Held, that a verdict in his favor for
    $1,000 was not excessive.
3.  Municipal Corporations—Injuries to Pedestrians—Sidewalk Ob-
    structions—Care Required.—A pedestrian is entitled to the free
    use of any portion of a sidewalk which is open for public
    use, and may assume that it is free from obstructions and in
    a reasonably safe condition for travel; and if, while passing
    over it, his attention is distracted so that he fails to observe
    an obstruction placed on the sidewalk where he has no reason
    to expect it, and he falls over such obstruction and is injured,

the question whether he was proceeding-with due care for his own safety is for the jury, whether the distracting cause was some external object, or the concentration of his mind on some absorbing topic.

4.   Same—Contributory Negligence.—Plaintiff with a companion was walking along a city sidewalk between 6:30 and 7 o'clock in the morning, when his attention was diverted to a building in process of erection, the character of which he was discussing with his friend, when his foot struck a block of ice directly in his path on the sidewalk, over which he fell and was injured. Plaintiff could have seen the ice, and would have seen it if his attention had not been diverted.   Held, that he was not negligent as a matter of law.

GIBSON, MARSHALL & GIBSON for appellant.

WALTER S. LAPP and LOUIS F. STENERLE for appellee.

No briefs.   Record out of office.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This suit was instituted by appellee against appel·lant and the trustees of the Norton estate to recover damages for the negligent placing of a block of ice on the sidewalk in front of the Norton building, and suffering and permitting it to remain there in such a manner as to render the sidewalk dangerous to passing pedestrians; that while passing along the street appellee, unaware of the dangerous condition of the street at that point, or that the ice had been left there, fell over and upon said ice and sustained serious injury.   A demurrer was sustained to the petition on behalf of the trustees of the Norton estate, and the petition was dismissed as to them.   Appellant denied liability, and pleaded contributory negligence.   On these issues the case was tried and resulted in a ver-

dict in favor of appellee, to reverse which this appeal is prosecuted.,

Appellant insists that it was entitled to a peremptory instruction at the close of appellee's testimony, and, if not then, certainly at the close of all the testimony, and that the court erred in refusing to give same; that the verdict is not sustained by the evidence; or is flagrantly against the evidence and is excessive. We will not consider these grounds for reversal in the order in which they naturally occur, for the reason that, in our judgment, the only point which appellant seriously urges is that the jury should have been peremptorily instructed to return a verdict in its favor. There can be no question but what the ice over which appellee fell was placed upon the sidewalk by appellant company. Whether near the curbing, as its employe testifies was his custom and habit to do, or whether it was left at the point at which appellee fell over it, was properly left for the determination of the jury. Appellant did offer evidence tending to show that the ice over which appellee fell was delivered to the Johnson & Morgan Company, tenants to the east, but the janitor of the latter company testifies that on the morning in question the ice for his company was delivered in the doorway, and the witness Ben Pillow, while somewhat shaken in his testimony as to the exact location of the delivery of the ice by the appellant company, states that the ice over which appellant stumbled and fell was taken into the Norton building. It is clear from this testimony, and is not seriously denied, that it was the ice delivered by appellant over which appellee fell. The question as to what point on the pavement it was placed was the only real question in dispute. The servant of appellant testified that it was placed near the curb-

ing.   At the time when appellee fell over it it was near the center of the pavement.   About this there is no dispute.   As to how it got there the record is silent.   No one saw it moved.   Four witnesses testify that it was near the center of the pavement when appellee fell over it, and it was the province of the jury to say whether or not its presence at that point was due to the negligence of appellant company.   The evidence on this point was certainly sufficient to warrant the submission of the matter to the jury, and they found as in our opinion they must have found, that the ice was placed there by appellant's agent.   Whether he carried it and deposited it at that point, or whether he "skated" it across the pavement and it rebounded to that point when it struck the building, is not clear.   The incontrovertible fact remains it was there, and appellant was, under the proof, responsible for its presence.

The contention that the verdict is excessive is not borne out by the facts.   That appellee was painfully and seriously injured there can be no doubt.   The physician who treated him has since died, but from the undisputed testimony of appellee himself it is shown that two ribs on his right side were broken; that it was necessary for him to remain five weeks with his body in straps; that during this time he suffered intensely; that he spit blood, and that the pain in his right side continued for more than a year; that he had lost flesh, and his health had become seriously impaired; that before the injury he was a strong, active, and robust man; that since the injury he has lost strength, his health is seriously impaired, and it is with difficulty that he can labor.   It seems that he fell with his right side across and upon this lump of ice, and it was in this way that he was injured and

his ribs broken. For the injury which he sustained and the pain and suffering which he endured we are of opinion that the verdict of $1,000 returned by the jury is not unreasonable. This court in a number of cases has upheld larger verdicts for injuries less serious. In the case of the City of Richmond v. Martin, 78 S. W. 219, 25 Ky. Law Rep. 1516, a lady fell into a hole, sprained her leg and bruised her body so that she was confined to her bed for from three to five weeks, though no bones were broken. She recovered a verdict of $1,500, and this court was asked to set it aside on the ground that it was excessive. Although it was not clear that she was injured to the extent which she claimed, yet this court refused to set it aside on the ground that it was excessive. And in the case of Louisville Gas Company v. Page, 86 S. W. 1112, 27 Ky. Law Rep. 885, a woman 60 years old stumbled and fell over a defectively constructed gas box and injured her elbow, for which she recovered a verdict of $2,000. On review here this court refused to set this aside on the ground that it was excessive, it being shown that she had suffered considerably from it from the time of the injury down to the time of the trial, about a year, and in denying appellant's right to a reversal this court said: "In a case like this, where there has been a severe injury and much physical pain and suffering, and there being some evidence from which the jury might conclude that the injury may be permanent, it is difficult, if not impossible, for a jury or a court to determine with exactness the proper compensation. The mere fact that the court would not have fixed the compensation as high as the jury had done is no reason for setting the verdict aside and granting a new trial." And in numerous other cases this court has held that a verdict seemingly large would not be

disturbed on the ground that it was excessive, where there was evidence tending to show that the injury was serious, and the pain and suffering which accompanied it were severe and were extended through a considerable period of time.   Courts are always slow to disturb the finding of a jury on the ground that it is excessive, in the absence of some evidence tending to show that it was the result of prejudice or passion. In the case at bar there is nothing that warrants such a conclusion.

This brings us to a consideration of the question as to whether or not appellant was entitled to a peremptory instruction, for which he asked at the conclusion of appellee's testimony and at the conclusion of all the testimony.   The undisputed evidence shows that the accident which resulted in the injury of appellee occurred between 6:30 and 7 o'clock in the morning. As appellee approached the block of ice he could have seen it, as there was nothing in his way to prevent had he been looking at it; but he admits that his attention was attracted to the Paul Jones building, which was being erected on the opposite side of the street, and that with a friend he was discussing the wonderful growth of the city during the last few years, and they were commenting upon the appearance of the Paul Jones building and how it could have been improved had its owner acquired the adjacent vacant lot and made it extend over said lot, and that while his arm was extended in the direction of the Paul Jones building about which they were talking his foot struck the cake of ice in question, over which he fell and was injured.   For appellant it is urged that this is conclusive evidence of such negligence on his part that he should be denied a right to recover.   This is the question in the case.   Was it negligence for him

to fail to see the cake of ice on the sidewalk, when he could have seen it if he had been looking in that direction, or might he, while walking along the sidewalk at a point other than a public crossing, presume that the walk was clear and the way safe, and take notice of objects across the street or passing or overhead, and not be guilty of such contributory negligence as would deny him the right to recover? Negligence is a relative term depending upon the circumstances of each individual case. Facts which would undoubtedly show negligence in one case would not be construed to be such in another. Hence it is peculiarly the province of the jury to determine from the facts in each particular case whether or not one is guilty of negligence; and so in the case at bar it was the duty of the jury, taking into consideration all of the facts, the time of day, the place where the accident occurred, and the surroundings, to say whether or not appellee was exercising ordinary care for his own safety in walking along the sidewalk while he was looking at the Paul Jones building across the street. Might he walk down the sidewalk without keeping his eye upon the ground in front of him in order to observe any obstruction that might be there and not be guilty of negligence? Was he negligent in failing to see the block of ice, almost transparent, lying upon a white, or, at least, light stone pavement? If, as a matter of law he was, then a peremptory instruction should have been given. If not, or if, as above indicated, it was the province of the jury to determine this question, then the court did not err in permitting them to do so, and in refusing a peremptory instruction. Appellant insists most earnestly that it was entitled to have this instruction given, and cites as supporting its contention in part the opinion of Lord Ellen-

Merchants Ice & Cold Storage Co. Bargholt.

borough in the case of Butterfield v. Forrester, 11 East, 60), wherein he said: "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. In cases of persons riding upon what is considered to be the wrong side of the road that would not authorize another purposely to ride up against them. One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action—an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." The doctrine announced by the learned judge in this opinion is recognized as the correct rule, and has been followed in any number of cases, not only in this but in other courts in this country. But it will be observed in this citation from the opinion the question at last presents itself as to what is ordinary care, or what amounts to a want of ordinary care on the part of the plaintiff to avoid the injury. This we say, and our courts have held, is to be determined in each case by the facts and circumstances surrounding it, and has been invariably held to be a question for the jury. Appellant also cites the case of Creamer v. West End Street Railway Company, 156 Mass. 320, 31 N. E. 391, 16 L. R. A. 490, 32 Am. St. Rep. 456, as supporting this contention; but an examination of that case shows that, while the court recognized the rule that the question of ordinary care is in most instances a question of fact, and hence properly to be left to the jury, still cases would be found where from the undisputed facts the court could see that the plaintiff was not in the exercise of ordinary care, and in such cases the court could prop-

erly instruct the jury to find for the defendant, and
the court cited with approval in that case the case of
Chaffee v. Boston & L. R. Corp., 104 Mass. 108, in
which we find the following sentence: ''The question
of ordinary care is in most cases, even where the facts
are undisputed, a question of fact which it is pecu-
liarly the province of the jury to settle.'' It is only in
that class of cases where the whole evidence intro-
duced by the plaintiff has no tendency to show care on
his part, or, on the contrary, shows a want of care,
that the duty of the court is to direct a verdict for the
defendant. Undoubtedly if appellee saw the cake of
ice, and, seeing it, walked against it or fell over it, it
would have been the duty of the court to have in-
structed the jury to find for the defendant; and like-
wise, if the evidence had shown that appellee's atten-
tion had not been distracted at the time, and he had
not been looking at the building across the street or at
some other object which took his attention and vision
from the sidewalk, then a case might have been made
out which would have warranted the court in instruct-
ing the jury to find for the defendant, though upon
this point the decisions are not uniform. In other
words, the court will only instruct the jury to find for
the defendant when the facts admitted or proven leave
no room for doubt that he failed to exercise that
degree of care which an ordinarily prudent person
would have exercised under like or similar circum-
stances for his own safety, and this is all that the case
of the Ashland Coal & Iron Company v. Wallace, 101
Ky. 637, 19 Ky. Law Rep. 849, 42 S. W. 744, 45 S. W.
207, decided.

Many cases involving questions similar to the case
at bar have been passed upon by our court, and in
those cases it has been held with a degree of uniform-

ity that the correct rule is that, when the court is in doubt as to whether certain acts proven show a failure to use that degree of care which an ordinarily prudent person would have used under similar or like circumstances for his own safety, it is proper to submit the case to the jury. In the case of West Kentucky Telephone Company v. Pharis, 78 S. W. 917, 25 Ky. Law Rep. 1839, appellee was passing over a street at an early hour in the morning on a cloudy day when the ground was covered with snow, which was still falling, when she tripped and fell over a telephone wire and sustained serious injury. On the trial she admitted that she know of the presence of the wire at that point, but stated that she had her mind distracted at the time by reason of the serious sickness of a sister; that she was thinking about her sister at the time, and forgot about the wire, and, failing to notice it, fell over it. This court held that the mere knowledge on the part of appellee of the presence of the wire upon the street was not by itself sufficient to show contributory negligence, though this was a fact for the jury to consider along with the other facts proven as to whether or not she was guilty of negligence. And, in the case of the city of Maysville v. Guilfoyle, 110 Ky. 670, 62 S. W. 493, 23 Ky. L. R. 43, appellee was injured by falling into a low place in the street while going to her brother-in-law's, where his child was sick. It developed during the progress of the trial that appellee knew of the defect in the street. She stated that on account of having the sickness of her brother-in-law's child uppermost in her mind she momentarily forgot about the low place in the street and failed to notice it. A peremptory instruction was asked for and refused, and this court held, upon review here, that the court did not err in so ruling,

but that it was properly left a question for the jury to determine from all the facts and circumstances whether or not she was guilty of contributory negligence. In each of the cases above cited the plaintiff knew of the existence of the defect or obstruction in the street, but momentarily forgot its presence there because her mind was distracted by reason of the sickness of a member of the family, and the court held in each case that the fact that her mind was so distracted was a circumstance which authorized the submission of the case to the jury, and it was for the jury to determine whether or not under such circumstances she was exercising that degree of care for her own safety, which an ordinarily prudent person would have exercised under like or similar circumstances. The case at bar presents a much stronger reason why the peremptory should have been denied, for the evidence clearly shows that the plaintiff did not discover the presence of the cake of ice on the sidewalk for the reason that his attention was attracted to the structural work of the Paul Jones building then being erected.

It is urged for appellant that there was ample room to have walked on either side of the cake of ice, and that the slightest care on his part would have enabled him to avoid the injury; but, as said in the case of the City of Lexington v. Auger, 4 Ky. Law Rep. 23, where the appellee had fallen into a hole, and the city attempted to justify on the ground that there was ample room for appellee to have passed along the street without falling into the hole, had he exercised ordinary care for his own safety, this court, upon review here, said that while this was true, and as a matter of fact appellee had to go somewhat out of his way to fall into the hole, yet he had a right, even though drunk, if he was, to presume that no such dan-

ger existed in one of the great thoroughfares of the city, and he was not confined to the use of any particular part of the street, but that he had a right to walk upon any part of it. To the same effect is the City of Louisville v. Keher, 117 Ky. 270, 79 S. W. 270. And in the case of the Brush Electric Lighting Company v. Kelley, 126 Ind. 220, 25 N. E. 812, 10 L. R. A. 250, where a lady walking along Main street in the city of Lafayette in the daytime had fallen over a wire and sustained an injury, in passing upon the question the supreme court of Indiana said: ''We do not think that it necessarily follows that the appellee was prima facie guilty of negligence in not observing the obstruction. She had the right to presume that the sidewalk was free from obstruction until her attention was in some way called thereto, and to act upon such presumption. * * * A small wire lying along a sidewalk might very reasonably be overlooked by a passer-by who has no notice thereof, and the fact that it is overlooked does not necessarily indicate negligence We cannot hold as a question of law that a person may not pass along a sidewalk cautiously and fail to observe a small wire along across it; and then we can imagine many circumstances whereby the attention of the pedestrian might be attracked from the sidewalk which would be sufficient to divert the attention of a reasonably prudent person.'' In the case of City of Chicago v. McLean, 133 Ill. 148, 24 N. E. 527, 8 L. R. A. 765, in passing upon a similar question, the court said: ''The plaintiff in this case was bound to make a reasonable use of her faculties when walking along the sidewalk in order to avoid danger; but what was such reasonable use was a question of fact to be determined by the jury, under all the circumstances disclosed by the evidence. * * *

What particular facts amounted to an exercise of
ordinary care, or what particular facts amounted to
a want of ordinary care, it was for the jury, and not
for the court to determine.'' And in the case of
Barry v. Terkildsen, 72 Cal. 254, 13 Pac. 657, 1 Am.
St. Rep. 55, in passing upon a similar question, the
court said: ''A sidewalk of a street in a city not near
a crossing may be taken by one passing over it to be
safe, and not a dangerous place. In this case the
respondent had the right to presume that the side-
walk was in the same condition in which she had
always found it; and the fact that her attention was
momentarily attracted in another direction—a thing
of most common occurrence to travelers along the
street—falls far short of that contributory negligence
which in law defeats an action for damages.'' And in
the case of McGuire v. Spencer, 91 N. Y. 303, 43 Am.
Rep. 668, where the plaintiff was injured by falling
into an uncovered hole in the sidewalk of the street
in the city of Brooklyn fronting upon premises owned
by the defendant, the court said: ''Negligence is a
relative term, and depends upon the degree of care
necessary in a given case. He who approaches a
railroad crossing approaches a place of danger, and
he must look and listen, for he is bound to anticipate
a possible harm. But one who passes along a side-
walk has a right to presume it to be safe. He is
not called upon to anticipate danger, and is not negli-
gent for not being on his guard.'' And, in the case
of the City of Chicago v. Babcock, 143 Ill. 358, 32
N. E. 271, the court said: ''A person passing along a
sidewalk in a city is required to use ordinary and
reasonable care and diligence to avoid danger, but
what is such ordinary and reasonable care and dili-
gence depends upon the circumstances of each partic-

ular case, and is a question of fact for the jury. A pedestrian upon such sidewalk may ordinarily assume that the sidewalk is in a reasonably safe condition for travel. To hold that such person is absolutely bound to keep his or her eyes constantly fixed on the sidewalk in search for possible holes or other defects would be to establish a manifestly unreasonable and wholly impracticable rule." In the case of Le Beau v. Telephone & Telegraph Construction Company, 109 Mich. 302, 67 N. W. 339, the plaintiff had fallen over a barrel placed over a hole in the middle of the sidewalk in the daytime on a May morning. As he approached the sidewalk his attention was attracted to workmen who were doing construction work on the street, and while his attention was so attracted he fell into the barrel in the hole and was injured. In passing upon his right to recover the Supreme Court said: "Whether one who, in passing along a sidewalk, and while absorbed in watching the workmen in an excavation being made from the street into an area under the sidewalk, walks into a manhole left open for the purpose of hoisting through it material excavated from the area, without seeing a barrel which had been placed beside the manhole as a means of guarding it, is guilty of contributory negligence, preventing a recovery for the resulting injuries, is a question for the jury." And in the case of West v. City of Eau Claire, 89 Wis. 36, 61 N. W. 315, the Supreme Court of Wisconsin said: "The momentary diversion of the plaintiff's attention could not be contributory negligence as a matter of law." And in the case of Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459, the plaintiff fell into an unguarded hole in the street, and in reviewing the case on appeal the court said: "She had a right

to assume the safety of the sidewalk, and so was not called upon to give attention to her steps until in some manner warned of danger. Undoubtedly she knew that vaults and coal chutes were common under and adjacent to sidewalks, and that they were the ordinary openings through which coal oil was deposited in the vaults. But she had a right to assume that they were securely covered, or, if left open, were guarded by some one to give warning, or by the crib or box prescribed by said ordinance. Neither protection was provided in the present case. * * * In a crowded street it might not be observed in time to avoid a fall, but she swears no such sign of possible peril was present, and, though contradicted, we must take the verdict of the jury as settling the fact in her favor.'' To the same effect are the cases of McGrail v. Kalamazoo, 94 Mich, 52, 53 N. W. 955; Russell v. Monroe, 116 N. C. 720, 21 S. E. 550, 47 Am. St. Rep. 823, and Davis v. Austin, 22 Tex. Civ. App. 460, 54 S. W. 927.

Courts generally hold, and our court has recognized it to be the correct rule, that a pedestrian has a right to the free use of any portion of the sidewalk which is open for public use, and he has a right to assume that it is free from obstruction and in a reasonably safe condition for travel; and if, while passing over and upon a sidewalk in a street, his attention is distracted so that he fails to observe an obstruction placed upon the sidewalk where he has no right to expect it, and falls over same and is injured, the question as to whether or not he was proceeding with due care for his own safety is properly a question for the jury. It is likewise held that if, while passing along the pavement, the attention of the pedestrian is attracted across the street or overhead and away

from the pavement, and while so attracted he comes upon and falls over an obstruction in the street at a point where he has no right to reasonably expect it to be and is injured, it is the province of the jury to say whether or not, under all of the circumstances, he is guilty of such contributory negligence as to deny him the right to recover. We are aware that in some jurisdictions a contrary rule is held, notably in Pennsylvania, and a distinction is there made between subjective cases and cases external or objective, but no such distinction is made in this State, and the same rule applies whether the detracting cause is some external object or the concentration of the plaintiff's mind and thought upon some absorbing topic or question.

We are of opinion that in denying the appellant's motion for a peremptory instruction the trial judge did not err, and the judgment is therefore affirmed.