## The Toledo, Wabash and Western Railway Co.

*v.*

## Charles H. Maine.

1. Negligence—*carelessness in unloading car, resulting in personal injury*. Where the plaintiff, while lawfully passing along the passenger platform of a railway company, to the depot building, to ascertain the time of departure of a certain train, was struck and injured by a piece of timber, thrown from a box car standing on the track, which car the employees of the company were, at the time, unloading, he having no previous warning of danger: *Held*, in an action on the case, that the railway company was liable to the plaintiff for the injury.

2. Instructions—*repeating*. Where a refused instruction is essentially embraced in others which are given, there will be no error in its refusal.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action on the case, brought by Charles H. Maine, against the Toledo, Wabash and Western Railway Company, for a personal injury received by him through the carelessness of the servants of the company, in unloading one of its cars. The court instructed the jury, on behalf of the plaintiff, as follows:

"That if the jury believe, from the evidence, that at the time of the alleged injury to the plaintiff, said plaintiff was legally and rightfully upon the passenger platform of the defendant at Chapin, for the purpose of ascertaining the time of departure of a train, and while passing along on said platform, the agents or servants of the defendant, without any notice or warning to passengers, threw out of a box car, on the said passenger platform, a large and heavy stick of timber on his forehead, and thereby knocked said plaintiff down, and seriously injured him; and if they further find, from the testimony, that said plaintiff, at that time, was using ordinary care, and did not cause the infliction of said alleged injury by his negligence, and that the agents of the defendant did not use reasonable care in discharging said timber, then the defendant is liable in this case for whatever injury resulted to the plaintiff from said alleged injury, not to exceed the sum claimed in the declaration in the case."

"That if they believe, from the testimony in the case, that the plaintiff, at the time of the alleged infliction of the injury sued for in this case, was carefully walking on the passenger platform of defendant, prepared by it at Chapin for the use of passengers, and that so walking, the plaintiff was using ordinary care, and by his carelessness or want of care did not contribute to the infliction of said alleged injury, and if they further find, from the evidence in the case, that the agents of defendant were guilty of gross carelessness in unloading timber from a box car, and thereby carelessly and negligently

struck the plaintiff with said timber, then the defendant is legally liable in this case, and the plaintiff is entitled to a verdict.    And if the jury find for the plaintiff, they will take into consideration the nature and extent of the wound, the pain and suffering, if any, the loss of time and costs incurred in treating said wound, if any has been proven in the case, and from all the facts and circumstances in evidence in the case, give to the plaintiff such damages as will compensate said plaintiff, in the opinion of the jury, for such injury, not to exceed the amount claimed in the declaration."

The jury found a verdict for the plaintiff, and assessed his damages at $235.    The court refused a motion for a new trial and rendered judgment, from which the defendant appealed to this court.

Mr. Wm. H. Barnes, and Mr. George W. Smith, for the appellant.

Messrs. Morrison & Whitlock, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action on the case, to recover damages for an injury received by the plaintiff below, while passing along on the passenger platform at Chapin station on the defendant's road, towards the depot building, for the purpose of ascertaining the time of departure of a certain train.

While so passing along, plaintiff was struck and injured by a piece of timber thrown from a box car standing on the track beside the platform, which car the employees of the company were at the time unloading.

Appellant, the defendant below, against whom judgment was recovered, assigns for error the giving of two of the plaintiff's instructions, and the refusal of one asked by defendant; and that the verdict is not sustained by the evidence.

We have examined the evidence, and are satisfied that it sustains the verdict.

We perceive no substantial error in the instructions given for plaintiff. The refused one asked by defendant was essentially embraced in others which were given for him.

The law governing the case was given to the jury with substantial correctness.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*