RICHARD RIGG, administrator, *vs.* BOSTON, REVERE BEACH, AND LYNN RAILROAD COMPANY.

Suffolk.   January 27, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Evidence — Invitation to cross Railroad Track — Verdict — View by Jury.*

If a person, knowing the approach of a railroad train at speed, unnecessarily stands so near the track that the common sense of mankind must condemn his act as a want of ordinary care, he cannot recover for personal injuries occasioned by being struck by the train, even if it is assumed that the defendant corporation held out an invitation to the plaintiff to cross the track at the point where he was injured; and experiments made shortly after the accident by putting a stick in the ground near the track when another train was passing are immaterial.

The presiding justice may properly rule upon the effect of the evidence and direct a verdict, notwithstanding the fact that the jury have taken a view, if nothing occurred at the view to show that his ruling was wrong.

TORT, for personal injuries to the plaintiff's intestate, alleged to have been caused by the defendant's negligence.

At the trial in the Superior Court, before *Thompson*, J., there was evidence tending to show that the defendant had built on

the easterly side of its track, and upon its land between Oak Island and Crescent.Beach, two stations on the line of its road between Boston and Lynn, a plank walk over one thousand feet in length for travellers and those who frequented the beaches to walk upon, and that the southerly end of the walk abutted upon another short plank walk, running from a point one foot distant from the easterly rail of the defendant's track to a' bath-house lying east of the first walk; that there was a railing upon each side of the first walk, and upon both sides of the short walk down to a point five feet and half an inch distant from the easterly rail of the defendant's track, the railing of each walk uniting, and that the only convenient way of getting off the first walk was by passing from the first to and upon the second walk, and off that end of the second walk which was next to the rails of the defendant's track; and that people were accustomed to walk down the said walk built by the defendant, go upon the second walk, and cross over the defendant's track to the buildings lying on the westerly side of the same.   There was no evidence that the short walk was constructed by the railroad.

The plaintiff offered evidence tending to show that, on June 27, 1889, the intestate started at about nine o'clock P. M. from Oak Island to go to Crescent Beach, where he was to take a train to Boston in company with three other persons, and in doing so walked down the first named plank walk, and turned on to the short walk to pass over the track to the station, which was on the westerly side of the same, near Revere Street, and that when they reached that point on the short walk where the railing ends, they saw an express train coming from Boston and going towards Lynn, which train was then about two hundred feet away, and moving at about the rate of thirty miles an hour, and that they stopped abreast of the post which supports the end of the railing, and the plaintiff's intestate stood there with a small portion of his body in front of the post, and a portion of his body abreast of and behind the same, while the train passed by.   It appeared that some two or three hundred feet southerly from where the plaintiff's intestate stood there was a curve in the defendant's track, so that the train just before reaching said point was caused to go in a more easterly direc-

tion, that the engine and two or three cars of the train passed the plaintiff's intestate, and that the steps of the next car struck him, causing injuries from which he afterwards died. The distance from the post where the plaintiff's intestate stood to the nearest rail of the defendant's track was five feet and one half-inch; the side of the defendant's cars extended outwards from the rail of the track a distance of three feet.

There was evidence tending to show that the steps of the defendant's cars extended outward beyond the side of the cars a few inches, varying from one and a half inches to three or four inches, and that the steps of the cars upon other roads did not extend outward beyond the sides of the same. The plaintiff offered evidence tending to show that one of the witnesses for the plaintiff, shortly after the accident, put a stick firmly in the space between the third and fourth planks from the defendant's track upon the short platform, when a train passed by in the same direction as the one which caused the accident, and that the engine and two cars of the train passed by without disturbing the stick; but that the steps of the car next following struck the same and broke it. The judge excluded the evidence so offered, and the plaintiff excepted.

After the jury were impanelled, they were taken to the place where the accident occurred, and took a view of the location and premises, made measurements of such distances as they desired, saw some of the defendant's cars, and took measurements of the distances to which the steps of the cars extended outward beyond the sides of the cars, and stood nearly on the spot where the testimony showed the plaintiff's intestate stood when the accident happened, and saw an express train going from Boston to Lynn pass by that point. There was no evidence that the cars they saw, and the steps they measured, and the train which passed, were the same which caused the accident; but neither party made any objection to the action of the jury. After the plaintiff had rested his case, the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Orcutt & E. J. Jenkins,* for the plaintiff.

*M. O. Adams,* for the defendant.

BARKER, J.   If the plaintiff's intestate, while walking from Oak Island to Crescent Beach upon the defendant's land, was not

a mere licensee, his invitation was such as to make it incumbent on himself to keep out of the way of trains. The making of a long plank walk with railings for the use of visitors to the beach on the side of the railroad next the sea was not an invitation to the exclusive use of any other part of the defendant's location, and gave visitors no right to expect that the track would not be used for the passage of trains. Assuming that because the cross walk was on the defendant's land, and was connected with one end of the defendant's walk, it was an invitation to cross the track at that point, it held out no inducement that the crossing was free from danger. Those who were impliedly invited by its existence to cross the rails at that point were only invited to do so taking upon themselves the obvious risk of the use of the track for the moving of trains. And if the side rails of the cross walk were an invitation to stand within the space marked by them while awaiting the passage of a train, they were not an invitation to stand with a portion of the person outside that space, which is what the plaintiff's intestate did, while, if he had kept within the space which the invitation authorized him to occupy, he would have been safe from injury by the train. Indeed, the exceptions show that, as the distance between the track and the post at the nearer end of the railing was five feet and one half-inch, and the extreme projection of the car step from the track toward the post was only three feet and four inches, the deceased to have been touched by the train must have so placed himself that the part of his body struck was twenty and one half inches beyond the post, and this is more than the thickness of the body of a man of usual size. Besides this, the curve of the track and the direction of the train were such that, if there was any lateral swing, it would tend to throw the cars farther from the post than if they had been stationary. The deceased and his companions saw the train when it was two hundred feet away, and waited for it to pass. There was time for a movement backward, and no crowd of persons, or anything to prevent such a movement, and no exigency for him to stand where, with the train approaching at such a high rate of speed, he was obviously exposed to danger. Upon the evidence, knowing the approach of the train at speed, he unnecessarily stood so near the track that the common sense

of mankind must at once condemn his act as a want of ordinary care.

Experiments tried shortly after the accident were immaterial in the view of the case which we adopt.  The presiding justice might properly rule upon the effect of the evidence, and direct a verdict, notwithstanding the fact that the jury had taken a view; *Tully* v. *Fitchburg Railroad*, 134 Mass. 499, 503; and we see nothing in the statement of what occurred at the view to show that his ruling was wrong.         *Exceptions overruled.*