ABBIE S. BRADFORD *vs.* BOSTON AND MAINE RAILROAD.

Worcester.     October 3, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Throwing Mail-bag from passing Train at Station — Implied Invitation to Public to use Platform — Due Care.*

A woman, who was residing temporarily in a town, and was going to a railroad station there for the purpose of getting a time-table and to see if there was any change in the time of the running of trains, was injured by being struck by a mail-bag thrown from a passing express train of the railroad corporation, while she was walking along the platform constructed and maintained by the corporation as a passageway to and from the station. In an action against the corporation for her injury, she testified that when struck she was about midway of the platform, which was about nine feet wide; that she did not look or listen for the approach of a train; and that she did not know that mail-bags were thrown off at the point. *Held,* that there was evidence for the jury that she was properly on the platform by the implied invitation of the defendant, and that she was in the exercise of due care.

TORT, for personal injuries occasioned to the plaintiff, while walking along a platform constructed and maintained by the defendant corporation in connection with its station in Lancaster, by being struck by a mail-bag thrown from a passing express train · of the defendant.   At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*W. S. B. Hopkins,* (*C. G. Bancroft & F. B. Smith* with him,) for the plaintiff.

*F. P. Goulding,* for the defendant.

FIELD, C. J.   The exceptions state that at the close of the evidence " the defendant requested the court to direct the verdict for it on the grounds that there was no evidence of the plaintiff's due care or of the defendant's negligence, and the court ruled, upon this evidence, that the plaintiff was not in the exercise of due care, and was not entitled to recover; and directed a verdict for the defendant."   The court apparently was of the opinion that there was evidence for the jury that the defendant was negligent in permitting mail-bags to be thrown from a rapidly moving train upon the platform where passengers or other persons might be standing or travelling.   This is in accordance with the decision in *Snow* v. *Fitchburg Railroad,* 136 Mass. 552, where it is said : " The plaintiff was a passenger on the railroad of the defendant, and properly on the platform at the station, waiting to make a necessary change from one train to another.   There is no claim that she was in an improper place, or in any way wanting in due care."   The contention in the present case is that the plaintiff was in an improper place, and was wanting in due care, and that she was either a trespasser or licensee, and that the defendant owed her no duty to be careful in the management of its trains.   We think there was evidence that the platform was constructed and maintained by the defendant as a passageway to and from the station, with which it was connected, and that persons having business to be transacted at the station were invited to use this platform as a passageway in going to and from the station.

The plaintiff testified " that she was staying temporarily in Lancaster, her residence being in Boston; . . . that at the time

of the accident she was boarding at the hotel; that on the 22d of June, 1891, at a little after nine o'clock in the morning, she left the hotel, passing her sister's house where she stopped, and then went to the railroad station, for the purpose of getting a time-table, and to see if there was any change in the time of the running of trains." From this the jury might infer that she was properly going to the station on business connected with the railroad, and that the platform was intended to be used by her, in going to and from the station on such business, if she found it convenient.

She also testified " that she went on to the long platform about half way between the sidewalk and the station itself; . . . that she walked along the platform as any one would walk, perhaps half way from the outer edge, perhaps a little outside of the middle of the platform ; that she had an umbrella in her hand, but could not remember whether it was up ; that it had been sprinkling a little ; that she did not look to see if any trains were coming; that she did not listen to hear if any were coming; that if she had known an express train was coming at the rate of thirty-five miles an hour, she would have walked on the platform as she did ; . . . that the platform was a reasonably wide platform ; that it was reasonably wide between her and the train." There was testimony that the east edge of the platform was two and a half feet from the nearest track, and that the platform from the station to the sidewalk was about nine feet wide, and that in front of the station it was thirteen and a half feet wide.

We think that the evidence tends to show that she was at some place on the platform where it was about nine feet wide, and that she was not nearer to the track than the middle of the platform. We cannot say, as matter of law, that this was not a safe position, so far as any danger might be apprehended from the passage of an express train.    See *Rigg* v. *Boston, Revere Beach, & Lynn Railroad,* 158 Mass. 309.    One contention of the defendant is, that she was negligent in not looking or listening for the approach of a train, and in not getting out of the way.    But we cannot say, as matter of law, that her position was such that she had reasonable cause to believe that she was in any danger if a train did pass, and if so she was not necessarily negligent in not looking or listening for a train.    We do not know that the plain-

tiff would have been injured by the passing of the train if a mail-bag had not been thrown from it. She testified "that she did not know that mail-bags were thrown off at that point." She perhaps had a right to presume that, if this platform was a passageway intended by the railroad company to be used by passengers and other persons in going to and from the station, the company would take care that missiles should not be thrown upon it from passing trains, to the injury of persons lawfully upon it.

Whether there was not evidence for the jury that the throwing of a mail-bag from a passing train upon the platform under the circumstances proved showed reckless conduct, for the consequences of which the railroad company would be liable to any person on the platform by the license of the company, is a question we have not considered. There was evidence for the jury, we think, that the plaintiff was properly on the platform by the implied invitation of the defendant, and that she was in the exercise of due care. *Carpenter* v. *Boston & Albany Railroad*, 97 N. Y. 494. See *Toledo, Wabash, & Western Railway* v. *Maine*, 67 Ill. 298.                    *Exceptions sustained.*