## ATLANTIC AND BIRMINGHAM RAILWAY CO. *v.* OWENS.

1. A railroad company owes to one who comes to its passenger station to re-
   ceive a friend or guest upon arrival ordinary care for his safety while at
   the station, and is liable for an injury resulting from the negligence of an
   employee in the handling of baggage.
2. The evidence authorized the verdict, and no reason appears for reversing
   the judgment overruling the motion for a new trial.

    Argued May 23, — Decided June 16, 1905.

Action for damages.    Before Judge Humphreys.    City court
of Moultrie.    December 30, 1904.

Owens sued the railway company, alleging in his petition:
Plaintiff went to defendant's· passenger station in the· city of
Moultrie, to await the arrival of a friend upon one of the defend-
ant's trains.    As the train approached the station, and while the
passengers were leaving it, plaintiff was standing on the platform
of the depot immediately next to the train, and, while he was
watching the passengers as they were coming out of the train, a
porter of the defendant, employed to work about the depot and
to assist in taking baggage from the trains of the defendant,
brought a heavy trunk from the baggage-car of the train, and ap-
proaching that portion of the platform where plaintiff was stand-
ing, pitched the trunk violently and negligently in his direction
and caused it to strike his left leg and foot and crush his foot,
breaking several bones in the same.    Plaintiff was not at fault.
The petition contains allegations as to the plaintiff's age, suffer-
ing, and earning capacity, and prays damages in the sum of ten
thousand dollars.    The defendant filed a demurrer to the petition,
on the following grounds:    No cause of action is set forth.    The

place where the plaintiff was standing when injured is not alleged with sufficient clearness, nor is it alleged why he was not in the waiting-room of the depot, nor is the alleged negligence of the defendant's servant sufficiently set forth. It appears from the petition that the plaintiff's injury was the result of a pure accident, and was the result of his own fault in placing himself in the way of the trunk and exposing himself to danger. The demurrer was overruled, and the defendant excepted pendente lite. The defendant filed an answer, in which it denied any liability for the acts complained of in the petition. The trial resulted in a verdict in favor of the plaintiff. The defendant moved for a new trial. The motion was overruled, and it excepted.

*J. L. Sweat, J. H. Merrill,* and *J. A. Wilkes,* for plaintiff in error. *Shipp & Kline* and *W. A. Covington,* contra.

COBB, J. 1. One who expressly or impliedly invites another upon his premises is bound to see that they are in such condition that the person invited may approach and remain thereon in safety. This rule applies to railroad companies. A person who enters the premises of a railroad company for the purpose of transacting business with its agent is lawfully upon the premises, and the company owes him a duty to keep the premises in safe condition. *Ga. R. Co.* v. *Richmond,* 98 *Ga.* 495. A railroad company owes a duty to keep its passenger station in safe condition, not only to those who come there for the purpose of embarking upon trains, or those who use the station in alighting from trains, but also to those who may accompany others about to become passengers, or who resort there for the purpose of meeting incoming passengers. The company owes to one who goes to its station for the purpose of meeting an incoming passenger the same duty, in regard to the station and the conduct of its employees thereat, as it does to any person going there for the purpose of transacting business with an agent of the company. While such a person is not a passenger, the company owes to him ordinary care for his safety, and will be liable to him if he is injured as a result of ordinary neglect on the part of the agent or servants of the company. See 1 Fetter on Carriers of Passengers, § 237; Ray's Neg. Imposed Duties (Passenger Carriers), 6, 7; 26 Am. & Eng. Enc. L. (2d ed.) 510; 6

Cyc. 610; *Macon R. Co.* v. *Moore*, 108 *Ga.* 84; Sullivan *v.* R. Co., 39 La. Ann. 800, s. c. 4 Am. St. Rep. 239; McKone *v.* R. Co., 51 Mich. 601, s. c. 7 Am. Rep. 596; Tobin *v.* R. Co., 59 Me. 183, s. c. 8 Am. Dec. 415; notes to Little Rock Ry. Co. *v.* Lawton, 29 Am. St. Rep. 54.    Applying these rules, there was no error in overruling the demurrer.

2. It appears from the evidence, that a minister of the gospel was boarding at the plaintiff's house; that the minister was expecting a young lady organist to arrive on the train, and requested the plaintiff to go with him to the station to meet this young lady, asking that he would take charge of her upon her arrival; that the two went to the station to await the arrival of the train; that the plaintiff was standing upon a portion of the platform where it was usual for persons upon business similar to that which carried the plaintiff to the station to stand; and that while on the platform he was injured by a trunk falling upon his foot. The evidence amply justified a finding that this trunk was handled in a negligent manner; and that there was nothing to place the plaintiff upon notice that it would be so handled. Taking the evidence most favorably for the plaintiff, a finding in his favor was amply warranted. It was argued that as the young lady was the friend of the minister, the duty of safety on the part of the company might be owing to him, but would not extend to his friend, the plaintiff. We think that under the evidence the jury were authorized to find that the plaintiff was the one who really went to the station for the purpose of taking charge of the passenger, and that therefore the duty was owing to him. But there is authority for the proposition that a carrier of passengers owes a duty not only to a friend of an incoming passenger who goes there to assist the passenger, but also to a person who accompanies such friend on this mission. See Langston *v.* Board of Land and Works, 6 Vict. Law Rep. 316, cited in a note to 1 Fetter on Carriers of Passengers, § 237. There was no error requiring a reversal of the judgment.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*