HANNA *v.* ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered January 10, 1910.

1. RAILROADS—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In an action against a railroad company for personal injuries from stepping on a spike in a slab while defendant's employees were repairing a depot platform, an instruction that if plaintiff stepped on the spike without looking to see where he was stepping "this would not constitute negligence that would render the defendant liable," would have been better expressed by saying that the facts recited would constitute contributory negligence on plaintiff's part. (Page 208.)

2. Same—defective premises—contributory negligence.—One who goes upon a railway platform, knowing that the platform is being torn away and that the debris is scattered around, and fails to look where he steps, and is injured by stepping on a slab having a spike in it, is guilty of contributory negligence and cannot recover. (Page 209.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Rice & Dickson* and *J. A. Dickson,* for appellant.

Appellant was not a trespasser (48 Ark. 493), and appellee's foreman could, by warning him of the presence of the spiked slab, have prevented his injury. The failure to do so presented a question for the jury as to appellee's negligence; and appellant's failure to look where he stepped, when but a moment before the way had been clear, should not have been made the test. 87 Ark. 325; 89 Ark. 496; 90 *Id.* 543. The court erred in telling the jury that appellant's failure to look where he stepped was contributory negligence; and the giving of other correct instructions did not cure the error. The court's instructions were general, and it was error to refuse appellant's instructions Nos. 5 and 6, which were specific. 87 Ark. 531; 90 Ark. 247. There are no facts upon which to base the law of assumed risk, as appellant was not an employee.

*W. F. Evans* and *B. R. Davidson,* for appellee.

Appellant knew, when he entered the station, that the platform was being torn up, and he assumed the risk of any injury on account thereof. 65 Fed. 48; 67 *Id.* 507; 116 *Id.* 335; 117 *Id.* 122. The evidence shows without contradiction that appellant, though cognizant of the fact that the platform was being torn up, stepped out of the door with the buggy top held in front of him, so that it obstructed his vision. Appellee was therefore entitled to a peremptory instruction, there being no jury question. 60 Ark. 106; 60 *Id.* 438; 63 *Id.* 427; 57 *Id.* 76; 4 S. E. 587; 106 N. Y. 136.

McCulloch, C. J. Plaintiff, Henry Hanna, instituted this action against the St. Louis & San Francisco Railroad Company to recover damages for personal injuries alleged to have been caused by negligence of defendant's servants. The trial jury returned a verdict in favor of defendant, and plaintiff appealed. The alleged negligence upon which the action was based consisted in leaving exposed on the ground in front of the station at

Beaty, Ark., a plank or slab with a spike in it, and the injury was caused by plaintiff stepping on the spike as he walked out of and away from the station.

Plaintiff lived, and was engaged in the mercantile business, at Beaty, and was agent of the express company, a position which he accepted and held to accommodate the people there. It seems that the railroad company did not keep an agent there, and plaintiff was entrusted with the keys to the depot, so that he could have access to it at all times.

The wooden platform in front of the station was about worn out, and defendant sent a crew of men to remove it and to replace it with a platform of dirt and cinders. The men proceeded with the work, and while it was going on plaintiff went over to the station to get a buggy top which had come by express that day and was stored in the depot. This was near the middle of the day, and plaintiff knew what the men were doing. In fact, he had called the attention of the roadmaster to the necessity for a new platform. He went into the depot, and as he came out of the door carrying the buggy top in his hands he stepped on the slab containing the spike, which was lying on the ground in front of the depot. The spike pierced his foot and inflicted a very painful injury. He was carrying the buggy top in front of him, so that he could not see where he was stepping, and he says that he did not look to see where he stepped.

Plaintiff testified that when he went into the depot the platform had been completely torn away and the old material carried off; that the slab with the spike in it was not lying on the ground in front of the door, and the workmen were at that time digging a ditch in front of the door preparatory to building the new platform of dirt and cinders. Witnesses introduced by the defendant testified that when plaintiff went into the depot the men were still at work tearing the platform away, and that the loose plank and debris had not been moved, but was scattered about on the ground. One testified that no change was made in the situation while plaintiff was in the depot.

The court fairly submitted the case to the jury on instructions requested by plaintiff and by defendant and of the court's own motion. Error is assigned in giving the following two instructions:

"1. I charge you that, if you find from the evidence that

the defendant company was causing this platform to be torn up for the purpose of substituting another, that the workmen were engaged in removing the planks, that while so doing one of the planks was left for a short time where it had fallen with a spike turned up before the plank was removed, that the plaintiff entered the building while these servants were engaged in tearing up and removing said lumber, that the plaintiff came out of the house and stepped upon the nail without looking to see where he was stepping, and the injury was thereby inflicted, this would not constitute negligence that would render the defendant liable."

"3.   I charge you that it is the duty of one who goes upon the premises knowing that the platform is being torn up for the purpose of substituting another platform, and who enters a building knowing that the platform is torn away, or being torn away, to look where he steps as he leaves the building.  If he fails to do this, and is injured thereby, he is guilty of contributory negligence."

The first instruction would perhaps have better expressed the issue by saying that the state of facts recited could constitute contributory negligence on the part of plaintiff which would preclude a recovery of damages, instead of saying that such a state of facts "would not constitute negligence that would render the defendant liable."  This inaccuracy was, however, harmless, for plaintiff admitted that he did not look to see where he was stepping when he came out of the station door; and if he knew when he went into the station that the work of tearing away the platform was going on, that the debris was still scattered around on the ground, and he failed to look where he stepped when he came out, he was guilty of contributory negligence which barred a recovery. The instructions fairly submitted the question whether or not the work of tearing away the platform was completed and the debris removed when plaintiff went into the station.   This particular instruction, as well as others, submitted that question, and the jury found that issue against plaintiff; so, with that issue settled against him, it followed as a matter of law that if he knew of that situation and failed to look where he stepped when he came out, he cannot recover.   The situation was one of danger, of which he was fully apprised, and it was an act of negligence for him to ignore the danger entirely and blindly walk out without looking where he stepped.

The case is unlike one where a person goes upon the platform of a railroad company to transact business, without reason to suspect danger. There it is generally a question for the jury to determine whether he is blameless in his own conduct, and it cannot be said as a matter of law that he must be on the lookout for danger. *St. Louis, I. M. & S. Ry. Co.* v. *Fairbairn,* 48 Ark. 491. But such is not the rule where the danger is known to the injured person, and he takes no precaution whatever for his own safety. Under these circumstances, there is nothing to submit to the jury, for it is not a matter about which men will differ, that one who is fully aware of a dangerous situation and takes no precaution at all against the danger is guilty of negligence.

We find no error in the instructions, and the judgment is affirmed.