## Chicago, Rock Island & Pacific Railway Company *v.* Russell.

### Opinion delivered November 18, 1918.

Railway—obligation to licensee.—One who goes into a railway station from curiosity merely and falls down an open and unlighted stairway and is injured is a mere licensee, to whom the railway company owed no duty to exercise care to keep the stairway lighted or to give him warning of its condition.

Appeal from Prairie Circuit Court, Northern District; *Thos. C. Trimble,* Judge; reversed.

*Thos. S. Buzbee* and *George B. Pugh,* for appellant.

A peremptory instruction should have been given for defendant. Plaintiff was a mere licensee—he was not on business nor invited by the company. He took all risks of danger and can not recover. 81 Ark. 368; 48 *Id.* 491; Thompson on Carriers, p. 105, § 2, etc. The judgment should be reversed and the cause dismissed.

*Bogle & Sharp* and *Emmet Vaughan,* for appellee.

Appellee was not a trespasser but a licensee, and as such entitled to protection against darkened pitfalls. He was entitled to recover. 66 S. W. 588; 19 A. & E. R. Cas. (N. S.) 236; 15 *Id.* 424; 20 *Id.* 372; 24 L. R. A. 531; 23 *Id.* 203, 715; 119 Ark. 290; 96 *Id.* 315; 90 *Id.* 378; 100 *Id.* 436; 36 *Id.* 41; 85 *Id.* 326; 89 *Id.* 103.

Hart, J. This is a suit for damages for personal injuries received by B. F. Russell by falling through an open stairway in the depot of the Chicago, Rock Island & Pacific Railway Company at Brinkley, Arkansas.

There was verdict in favor of the plaintiff in the sum of $500, and from the judgment rendered the railway company has appealed.

B. F. Russell lived in the town of Brinkley, Arkansas, and thought he saw some people going into the depot who were friends of his from Carlisle, Arkansas, where he had formerly lived. Russell went to the depot for the purpose of finding out if the parties in question were his supposed friends. He saw the porter bringing the baggage in from the railroad tracks, and he went inside of the baggage room to ask the porter about these parties. There was a little office railed off between the negro waiting room and the baggage room for the use of the baggage master. Russell opened the gate and walked into this little office to ask the porter about his friends. There was an open stairway on the inside of the baggage office about seven or eight feet from the gate. It was dark where the open stairway was and Russell did not see it. He walked into it and fell down the stairway and broke his collar bone and fractured his breast bone. Russell had passed back and forth through the little office frequently, but did not know the stairway was there. Persons were in the habit of going from the baggage room through this little office into the negro waiting room. The above is substantially the evidence adduced in favor of the plaintiff.

On the part of the defendant it was shown that the stairway was light and easily discernible; that it was only occasionally on a rainy day that passengers were allowed to go through the office into the negro waiting room.

It is insisted by counsel for the defendant that the evidence is not sufficient to support the verdict, and in this contention we think counsel are correct. According to the plaintiff's own testimony, he did not go to the depot for the purpose of transacting any business with the company or for any purpose for which the depot had been built. It is true he was at the depot by general license from the company, but he was not expressly or impliedly invited there by the defendant. He was there as a licensee merely, using the depot for a purpose solely his own and entering therein without invitation and with the bare suf-

ferance of the owner. The general rule is that a bare licensee has no cause of action on account of dangers existing in the place he is permitted to enter, but goes there at his own risk and must take the premises as he finds them. No duty is cast upon the owner to take care of the licensee but he must take his permission with its concomitant conditions and perils. In the present case the open stairway was a danger which Russell must have avoided at his peril, and the railway company was under no obligations to keep it lighted or to give him warning of its conditions. *Redigan* v. *Boston & Maine Railroad* (Mass.), 31 Am. St. Rep. 520; *Woolwine's Admr.* v. *Chesapeake & Ohio Ry. Co.* (W. Va.), 32 Am. St. Rep. 859; *Cinn., H. & D. R. Co.* v. *Aller* (Ohio), 60 N. E. 205; *Gillis* v. *Penn. Rd. Co.* (Pa.), 98 Am. Dec. 317; and *Stella V. Burbank* v. *Illinois Cent. Rd. Co.* (La.), 11 L. R. A. 720.

In the case of *Redigan* v. *Boston & Maine Rd., supra,* the court held that a railroad corporation leaving unguarded an opening made by raising a trap door, forming part of a platform at one of its stations, is not answerable to one injured by falling into such opening while crossing the station and platform without the invitation of the corporation, in order to make a short cut between public streets, though he and other persons had been in the habit of so crossing without objection. This is because he is a mere licensee, to whom the corporation owes no duty to warn him of danger resulting from the ordinary use by it of its premises.

In the case of *Woolwine's Admr.* v. *Chesapeake & Ohio Ry. Co., supra,* the court held that one who goes into a telegraph office for the purpose of paying a social visit to the operator there, who is an old acquaintance, is not a person to whom the corporation owning and maintaining the office owes any special duty, and therefore he can not recover for injuries sustained from the dangerous condition of the premises arising from the previous negligence of one of the owner's employees. This rule was recognized and applied by this court in the case of the *St. L., I. M. & S. R. Co.* v. *Fairbairn,* 48 Ark. 491. There

Fairbairn was allowed to recover because he was on the premises for the transaction of business with the company. That is, he went there as agent of an owner whose stock had been killed by one of the trains of the railroad, to get a description of the animal which had been posted up on the station in compliance with the statute. In that case the court said that if appellee was there merely from curiosity or for his own convenience for the transaction of business in no way connected with the railroad company, no relation existed between him and the company which imposed upon the latter the duty of exercising even ordinary care in maintaining a safe platform for his use, and it would not be liable for his injuries.

It follows that the judgment must be reversed, and, inasmuch as the case has been fully developed, the complaint will be dismissed.