IDOLA FOURNIER *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Bristol. January 5, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Negligence,* Railroad: station; Invited person. *Carrier,* Of passengers.

At the hearing of an action against a railroad corporation by one who sustained injuries from slipping on an apple core on a stairway in a station of the defendant, there was evidence that the apple core was "crushed," "dirty," "stuck to the step," and "had the appearance of having been stepped on"; that an apple core had been thrown in the direction of the steps at about noon and that the accident to the plaintiff occurred "shortly after 1:20 P.M."; that a janitor employed by the defendant swept the concourse in front of the station at noontime every day; that it was the duty of the defendant's employees in the station to inspect all stairs in going to and from trains and, if necessary, to notify the janitor to clean any part of the station which needed such attention; and that the duties of certain employees required them to pass over the stairs frequently. *Held,* that findings were warranted that the defendant knew or ought to have known, by the exercise of proper diligence on the part of its employees, of the presence of the apple core upon its premises, and that it failed to remove the apple core within a reasonable time.

A public carrier of passengers is bound to admit to its station one who goes there to meet an arriving passenger, and is bound to exercise

ordinary care in keeping its station and platform and the approaches thereto safe for his use.

A railroad corporation owed such duty to one who was at its station to meet a passenger, by appointment with him, and to transport him thence, although the passenger did not arrive as arranged.

، TORT. Writ in the Second District Court of Bristol dated October 26, 1932.

The action was heard in the District Court by *Lajoie,* J. Material evidence and findings and rulings by the judge are described in the opinion. There was a finding for the plaintiff in the sum of $226 and a report to the Appellate Division for the Southern District, upon which an order was made reversing the finding and ordering judgment for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*L. Shabshelowitz,* for the plaintiff.

*H. Lawlor & E. J. Phillips,* for the defendant.

PIERCE, J. This is an action of tort to recover damages alleged to have been sustained by the plaintiff because of the negligence of the defendant. The case was heard in the District Court, and a finding was entered for the plaintiff. The judge reported the case to the Appellate Division for determination, and that court reversed the finding of the District Court and ordered judgment for the defendant. From that decision the case comes to this court on appeal.

The report of the judge states: There was evidence that on August 9, 1932, the plaintiff went to the Union Station, in Providence, Rhode Island, by appointment, for the purpose of meeting a passenger on an incoming train from Bridgeport, Connecticut, and that he intended to convey this person from Providence to Fall River in his automobile. He waited on the station premises for the arrival of two trains from Bridgeport, the first at 11:55 A.M. and the second at 1:20 P.M. The expected passenger was on neither train. After the arrival of the second train the plaintiff proceeded to leave the station premises through the stairway leading to a subway which gave access to the street. This stairway led from the main concourse of the station to the subway, was six to seven feet wide, and consisted of three flights

of steps with a platform between each two flights. While descending the stairway the plaintiff slipped upon an apple core, which he did not see, on the second or third step of the lower portion of the stairway, fell, and received the injuries for which he seeks compensation. The apple core was "crushed," "dirty," "stuck to the step," and "had the appearance of having been stepped on." There was further evidence that a core had been thrown in the direction of the steps at about noon and that the accident to the plaintiff occurred "shortly after 1:20 P.M."

There was evidence for the defendant tending to prove that a janitor swept the concourse in front of the station at noontime every day; that it was the duty of the employees in going to and from trains to inspect all stairs and, if necessary, to notify the janitor to clean any part of the station premises which needed such attention; that the station master and four employees were on duty on August 9, 1932, and their work in connection with the trains required them to pass over the stairs in question several times; that if an apple core such as described by the plaintiff had remained on the stairway for a period of at least one hour and twenty minutes, they would have seen it; that they observed no such condition; and that no report of any person who had fallen on the station premises had been made on that day.

In passing it is to be noted that the report states there was evidence that the plaintiff "reported the accident the next day by letter addressed to the defendant company."

The report contains all the material evidence. At the close of the evidence the plaintiff and the defendant made requests for rulings. The defendant's requests numbered 1, 3, 4, 5, 6 and 8 were denied. These requests are as follows: "1. There was no negligence of the defendant which contributed to the plaintiff's accident and resulting injuries." "3. Upon all the evidence the apple core was upon the steps or stairs through no negligence of the defendant company. 4. Upon all the evidence no inference can be drawn from the appearance and condition of the apple core that it had been upon the steps or stairs over any considerable period of time or that it was in such a position that it should have

been seen and removed by the employees of the defendant in the performance of their duties. 5. The evidence is insufficient to show that the defendant was negligent because of any failure to inspect the premises or to sweep the premises more frequently. 6. Upon all the evidence the apple core may have been dropped shortly before the accident by a stranger to the defendant and therefore there without fault of the defendant." "8. Upon all the evidence the plaintiff did not have the rights of a passenger but was a mere licensee, using the premises of the defendant for his own purposes, and therefore, the only duty which the defendant owed to him was to refrain from any wilful and wanton misconduct."

The trial judge found for the plaintiff, and filed a statement of findings and rulings, in part as follows: "I find that on August 9, 1932, the plaintiff went upon the premises of the defendant company for the purpose of meeting an incoming passenger whom he intended to convey from Providence to Fall River in his automobile. I find that, after waiting for the arrival of two trains and failing to meet said passenger, the plaintiff proceeded to leave the defendant's premises through the proper exit when he met with his accident. In so far as the same may be material, I find further that during all the time that the plaintiff was upon the defendant's premises, he was upon that portion of the same which is reserved for the use of those having business with the defendant. Upon all the evidence, I find that the plaintiff suffered the injuries complained of when he stepped and slipped upon an apple core negligently allowed to remain on the defendant's premises. I find that the defendant knew or ought to have known by the exercise of proper diligence on the part of its employees of the presence of this apple core upon its premises, and failed to remove the same within a reasonable time. I find further that the plaintiff was not guilty of any contributory negligence. I rule upon all the evidence that the plaintiff was upon the defendant's premises at the implied invitation of the defendant and that the defendant owed him the duty of maintaining its premises in a reasonably

safe condition. I find for the plaintiff in the sum of $226."

On the issue presented by requests numbered 1, 3, 4, 5 and 6, it is settled that the mere presence of the apple core upon a step of the stairway was not sufficient to charge the defendant with negligence. *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, and cases collected. But here there was additional evidence, which warranted the trial judge in finding that the apple core in question was thrown in the direction of the place of the accident about one hour and twenty minutes before the plaintiff fell, and that the station master and his employees knew or they ought to have known of its presence on the stairs and have removed it. While close, the case is governed by *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, and *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469.

We think that requests numbered 1, 3, 5 and 6 should have been given if the plaintiff was not on the premises by invitation express or implied; and that they were rightly denied if the plaintiff was on the defendant's premises by its invitation. The controlling issue is, Was the plaintiff at the time of the accident upon the premises of the defendant by its invitation express or implied? Although the duty of carriers to receive passengers for carriage extends primarily only to travellers, incidentally that duty extends to certain other persons whose purpose in coming to the carrier is connected with the transportation of the passenger or of his goods. A carrier is under duty to receive persons who come to assist passengers boarding or alighting from trains. Such a person, though not a passenger, is entitled to demand of a carrier that he be admitted to the station, and may even, in order to assist a passenger, demand admittance to a train, at least until the carrier furnishes proper assistance to the embarking or alighting passenger. *Tobin* v. *Portland, Saco & Portsmouth Railroad*, 59 Maine, 183. Similarly the carrier is bound to admit to its premises one who comes to meet an arriving passenger, and is bound to keep its passenger station safe not only for those who use the station on alighting from trains but also for those who

are at the station for the purpose of meeting incoming passengers. *McKone* v. *Michigan Central Railroad,* 51 Mich. 601. *Atlantic & Birmingham Railway* v. *Owens,* 123 Ga. 393. The duty owed in such cases is that of ordinary care and not the degree of duty owed to the passenger. The rule requiring the carrier to exercise reasonable and ordinary care toward persons accompanying departing passengers to a train or awaiting the arrival of incoming passengers is applicable to the maintenance of the carrier's station and platform and of the approaches thereto. The duty of the carrier does not extend to persons upon the train or premises of the carrier who are not induced or invited there in the interest of the carrier or passenger, as, for example, loafers or sight-seers. *Gillis* v. *Pennsylvania Railroad,* 59 Penn. St. 129. In the instant case we think the plaintiff went to the station under an implied invitation so to do; that the invitation was one commonly issued and was in the business interest of the defendant, in that it ministered to the comfort, convenience and possible safety of the incoming passenger in the facilitation of his passage from the station to the adjoining street, there to enter the automobile of the plaintiff for transportation to Fall River. See instances of implied invitation by the carrier referred to and cited in *Bradford* v. *Boston & Maine Railroad,* 160 Mass. 392, *Wilcox* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 171, *Atlantic & Birmingham Railway* v. *Owens,* 123 Ga. 393, *Atchison, Topeka & Santa Fé Railroad* v. *Johns,* 36 Kans. 769.

In the opinion of a majority of the court request numbered 8 and those numbered 1, 3, 4, 5 and 6 were denied rightly. It follows that the order of the Appellate Division must be reversed and judgment entered for the plaintiff on the finding of the District Court.

*So ordered.*